WILL MOORE, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed October 21, 1914.

CRIMINAL LAW—CONFESSIONS TO OFFICERS.

Where the evidence clearly and fully shows that a defendant, while in custody and under arrest under charge of commission of the crime, after being fully warned by the officers having him in charge that whatever he might say might or would be used against him at his trial, freely and voluntarily makes inculpatory statements to such officers, and that such officers did not put him in any fear, or hold out to him any promises or hope of benefit or reward for such confessions, such confessions are admissible in evidence, and may be testified to by the officers to whom, or in whose hearing, they were made.

Writ of error to Circuit Court for Bradford County; James T. Wills, Judge.

Judgment affirmed.

*J. E. Futch* and *Joe H. Williams,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

TAYLOR, J.—The plaintiff in error, Will Moore, hereinafter referred to as the defendant, was indicted for, tried and convicted of, the crime of murder in the first degree in the Circuit Court of Bradford County, and sentenced to die, and brings such judgment here for review by writ of error. There is practically but one question presented here in argument of the defendant's counsel, and that is

the propriety of the trial judge's ruling in admitting, over the defendant's objections, the testimony of three witnesses for the State, Crawford, Cahoon and Denmark, detailing confessions by the accused. All of these witnesses were executive officers of the courts, and held the defendant in custody at the different times when the detailed confessions were made. The objections urged against the admission of their testimony were that it had not been sufficiently shown that the defendant was not placed in fear, or that no reward was extended to him or hope of reward. In other words, that it had not been sufficiently shown that said confessions were made freely and voluntarily, and not through duress or fear or through the hope of reward by immunity from punishment, to render them admissible in evidence.

We do not think that there was any error in the admission of any of the testimony of these witnesses as to the confession. It was clearly shown that the defendant, though under arrest and in custody of the officers at the time they were made, was fully advised by them that whatever he said would be used against him at his trial; that after being so advised he freely and voluntarily detailed to them what they afterwards testified to; that they did not put him in fear, and held out to him no reward or hope thereof for said confessions. The predicate for the admission of such confessions, we think, was very fully and effectively laid in this case. The defendant, himself, afterwards as a witness on his own behalf, at the trial detailed substantially the same facts embodied in the confessions testified to by these witnesses.

We think also that the verdict of the jury was fully sustained by the evidence in the case. There is evidence in the record tending strongly to establish robbery as the leading motive for the crime. The deceased, at the time

he received his death wound, was in the act of folding up some money in bills in full view of the defendant, after the tragedy no money could be found on his person or about him anywhere.

Finding no error in the record, the judgment of the Circuit Court in said cause is hereby affirmed at the cost of Bradford County, the defendant having been adjudged to be insolvent.

SHACKLEFORD, C. J., AND HOCKER AND WHITFIELD, J. J., concur.

COCKRELL, J., absent by reason of illness in his family.