WALTER E. HARRISON, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

148 So. 882.

Division A.

Opinion filed June 6, 1933.

Re-hearing denied August 11, 1933.

*W. W. Flournoy,* for Plaintiff in Error.;

*Cary D. Landis, Attorney General,* and *Roy Campbell, Assistant,* for the State.

DAVIS, C. J.—Walter E. Harrison, a boy 17 years of age, was indicted, tried and convicted of murder in the first degree with recommendation to mercy of the court, and sentenced therefor to imprisonment in the penitentiary for life. On writ of error he questions the validity of his conviction, principally on the ground that the Court below erred in the admission in evidence of an alleged confession made by him shortly after he was incarcerated in the County Jail on suspicion of having perpetrated the assassination of one Walter W. Sharpless whose dead body had been found on the highway, where it was apparent that he had been shot to death by a concealed assassin lying in wait for him.

In Bates v. State, 78 Fla. 672, 84 Sou. Rep. 373, a "confession" was defined by this Court as "an admission of guilt" and *not* "an admission of fact or circumstance from which guilt may be inferred." In our recent case of Palmer v. State, 106 Fla. 237, 145 Sou. Rep. 69, we said that while an acknowledgment of subordinate facts not directly involving guilt or not essential to the crime charged was not in legal contemplation a "confession" that it was the safer and better practice in dealing with the admissibility in evidence on the trial of the accused of alleged statements and acts of the defendant in the nature of purported "confessions" on his part, for the trial judge to treat the purported admissions or statements as being admissible only under the rule governing admission of pure "confessions" by requiring the rule as to admission of "confessions" to be complied with, even in cases where the tendered evidence apparently dis-

closed only admissions of subordinate facts falling within the less stringent rule.

Much of the testimony objected to in the present case involved only proof of underlying subordinate facts from which guilt could be inferred, although there was included in the evidence given by the officers against the accused an alleged "confession" as well.

The trial judge treated all that was testified to regarding statements of the accused while in custody as being a part of the accused's alleged "confession" of guilt of the crime charged, and required the state to establish the admissibility of its evidence in accordance with the rule concerning "confessions" as laid down in Bates v. State, *supra*. After expressly finding as a fact that the preliminary evidence offered by the state and the defendant showed beyond a reasonable doubt "that the statements made were voluntarily and freely made by the defendant," same were admitted in evidence and were allowed to go to the jury.

Where admissions showing guilt, or confessions, are freely and voluntarily made, is a question of admissibility of evidence for the court, and the duty is imposed upon the judge to determine this question as a preliminary matter before permitting any proof of reference to the alleged confessions or admissions of guilt of the accused to go to the jury. This rule has been construed to mean that where the admissibility of the alleged confession or admissions is *challenged*, the question of admissibility should be preliminarily determined by the trial judge, in the absence of the jury, after full hearing by him of all the evidence which may be offered on each side respecting the manner in which the confession or admission so challenged was obtained. It has also been held by this Court that even after the introduction of a confession or admission has been allowed on preliminary consideration of an objection to it, that it still remains the

duty of the trial judge to arrest the examination and withdraw the evidence of the confession or admission from the jury, should it subsequently appear on the trial that the alleged confession or admission was not freely and voluntarily made by the accused. Bates v. State, *supra.*

It would be a work of subrogation to now again state that the foregoing rule is one designed for the protection of the accused in securing his constitutional right to a fair and impartial trial, and that relating as it does to the enforcement of a fundamental part of our organic law concerning the rights of persons on trial who are merely accused of crime, that such sacred right will not be permitted by the courts to be evaded or frittered away through considerations of technical nicety as to observances of form which in application tend to ignore the substance of what is a constitutional right intended to be secured from deprivation or circumvention by the ingenuity of prosecuting officers in the adoption of defeatist tactics of confession extortion commonly known as "the third degree." See Deiterle v. State, 98 Fla. 739, 124 Sou. Rep. 47.

A careful review of all the evidence in this case has failed to demonstrate to this Court that the trial judge committed reversible error in his conclusion, arrived at after a most full and fair preliminary investigation of the facts lasting about three days, that the alleged confessions and admissions of the accused, made while in custody were other than freely and voluntarily made by him in the sense contemplated by the law governing their admissibility in evidence. This is so notwithstanding the fact that it may no doubt be truly said that there was some convincing evidence tending to show that there was a limited degree of mental duress applied by the officers to the defendant while in jail, to get him to "talk" in aid of freeing his father and one of his acquaintances held in custody, when defendant was advised by the

officers that the others would likely be deemed guilty unless he, the defendant, would make a statement exculpating them. See People v. Smelling, 94 Cal. 112, 29 Pac. Rep. 421.

A confession or guilty admission shown to have been freely and voluntarily made by an accused while in custody, is not rendered inadmisible because it appears to have been induced by mere artifice, falsehood or deception practiced by the officers. Burton v. State, 107 Ala. 108, 18 Sou. Rep. 284; Denmark v. State, 95 Fla. 757, 116 Sou. Rep. 757.

Many other errors have been assigned as ground for reversal but we deem it unnecessary to comment upon them specifically. Much of what is complained of constitutes part of an anachronistic series of not to be commended happenings that may be expected to transpire in the trial of a hotly contested homicide case conducted by able defendant's counsel against a particularly skilled and aggressive State's Attorney. If the scales of justice were at times during the trial swayed from their normal equilibrium by the undue agressiveness of counsel for the State against the unfortunate youth on trial, it cannot be said on this record that what happened was not to an equal degree offset by the skill and ingenuity of the able defendant's counsel in getting before the jury every fact, whether technically admissible or not, that possibly could have had any legitimate influence on the jury's consideration of defendant's case, which was in part predicated on the defense of insanity, a plea in its nature one of confession and avoidance of the homicide charged.

We find no reversible error and the judgment is affirmed.

Affirmed.

WHITFIELD, ELLIS, TERRELL and BUFORD, J. J., concur. BROWN, J., not participating.