JIM O. MCCALL, v. HONORABLE HAL W. ADAMS, Judge.

156 So. 524.
Opinion Filed September 20, 1934.

*Philip D. Beall, George W. Barrow* and *Wm. Fisher,* for Petitioner;

*Hal. W. Adams,* in *pro per* for Respondent.

PER CURIAM.—The Governor promulgated the following executive order which affords the basis for this prohibition proceeding challenging the authority of the designated Circuit Judge to act under it:

"STATE OF FLORIDA,
"EXECUTIVE DEPARTMENT,
"TALLAHASSEE.

*"Whereas,* It has been officially made known to me that justice demands the transfer of a Circuit Judge to Okaloosa County in the First Judicial Circuit of the State of Florida;

"Now, THEREFORE, I, David Sholtz, acting under and by virtue of the authority vested in me as Governor of the State of Florida, do hereby designate, assign and appoint Honorable Hal W. Adams, Judge of the Third Judicial Circuit of Florida, to proceed to Crestview, in the County of Okaloosa, State of Florida, and thereupon on Monday, the 27th day of August, A. D. 1934, and as long as may be necessary thereafter, proceed to conduct the trial of all causes

as may properly come before him in said Court; and he, the said Hal W. Adams, under and by virtue of the authority hereof, is hereby vested with all and singular the powers and prerogatives conferred by the Constitution and laws of the State of Florida upon Circuit Judges presiding by virtue of an order of the Governor of said State.

"In Testimony Whereof, I have hereunto set my hand and caused the Great Seal of the State of Florida to be affixed at Tallahassee, the Capital, this 17th day of August, A. D. 1934.

"(Seal)

"(Signed) David Sholtz,
"*Governor.*

"By the Governor, Attest:
"R. A. Gray,
"*Secretary of State.*"

The statute under which the executive order was made is a follows:

"4838. (3057). Governor Authorized to Order.— Whenever it shall appear to the Governor of this State that any judge of a circuit court is absent from his circuit and cannot hold the courts of the same, or is disqualified in any cause pending in said court, or for any cause cannot properly hear, try and determine the same, the Governor may require an exchange of circuits or of courts in any of the counties of the circuit between such judge and any other judge of a circuit court, or may appoint and assign any other of the judges of the circuit court to hold regular or special terms of the court in such circuit at such time or times as the Governor may direct. (Ch. 1444, Dec. 6. 1864, Sec. 2.)"

Assignments by Executive Order of Circuit Judges are to be liberally construed and all intendments will be indulged

in to support their sufficiency to confer jurisdiction on the assigned Judge to act, whenever there appears in the Executive Order any basis by which the scope and extent of the assigned Judge's authority can be determined.

But since the statute contemplates the executive orders shall be addressed to: (1) ordering an exchange of circuits by Circuit Judges; (2) assignments to hold a regular term or part of a term; (3) assignments to hold a special term or part of such term; (4) or an assignment to hear such particular case or class of cases as may be specified in the order of assignment, an executive order which is so vague and indefinite that it cannot be determined therefrom with reasonable certainty what specific duties the assigned judge is ordered and empowered to perform under the assignment, nor the duration thereof, will be held bad, and in a direct attack upon same in prohibition proceedings will be deemed sufficient warrant for issuance of a writ of prohibition absolute against the assigned judge so far as the challenged order is concerned.

In the present case the Court holds the assignment of Judge Adams insufficient because of vagueness and uncertainty in its provisions specifying the particular duties which the assigned judge is to perform such as the cases or class of cases he is to hear, or the term or part of term he is to preside over, or duration of the term of assignment in the circuit which he is to take over on an exchange of circuits, as the case may be. For the foregoing reasons the return of the respondent judge to the rule *nisi* in prohibition will be quashed, with leave to the respondent judge to seek justification for his asserted jurisdiction by procuring an amendment to the challenged executive order from the Governor, and setting the same forth in a supplemental return to be filed herein within fifteen days from this date. In default of a further return not consistent with this opinion,

writ of prohibition absolute is awarded and ordered to issue.

Return to rule *nisi* in prohibition quashed with leave for further reply on condition stated.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.