BROOMER DABNEY v. STATE.

161 So. 380.
Division B.
Opinion Filed May 15, 1935.

*McGeachy & Elliot,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

BUFORD, J.—Broomer Dabney was jointly indicted and tried with his mother for the offense of murder in the first degree. The woman was acquitted. Broomer Dabney was convicted of murder in the second degree.

On review here it is contended that the court below committed reversible error in admitting in evidence oral and written confessions of the defendant, Broomer Dabney, on the ground that the confessions were not freely and voluntarily made, but were procured by unlawful coercion.

The evidence as to whether or not the confessions were freely and voluntarily made is conflicting, but the trial court, after a full and fair examination of the witnesses in this regard, held the confessions admissible and on authority of the opinion and judgment of this Court in the case of Harrison v. State, 110 Fla. 420, 148 Sou. 882, and authorities there cited, we hold that no reversible error is made to appear.

Aside from this, however, the record shows that the defendant took the stand in his own behalf and while testifying he stated that the confessions which he had made were true; he stated that he did not know what was written down for him to sign, but what he then testified to, which was intended to be written down, was the truth and it is uncontradicted that the statement was written as he gave it.

It is further contended that the judgment should be reversed because of the comment of the State's Attorney on the failure of the defendant to testify as to his whereabouts

on the night of the homicide. The settled rule is that if a defendant declines to become a witness in his own behalf then the prosecuting attorney shall not comment on such course being taken by the defendant. In other words, the failure of the defendant to testify cannot be taken or considered as any admission against his interest; but, if a defendant voluntarily takes the stand and testifies as a witness in his own behalf, then he becomes subject to cross examination as any other witness and the prosecuting officer has the right to comment on his testimony, his manner and demeanor on the stand, the reasonableness or unreasonableness of his statements, and on the discrepancies which may appear in his testimony to the same extent as would be proper with reference to testimony of any other witness.

For the reasons stated, the judgment should be affirmed.

It is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and DAVIS, J., concur in the opinion and judgment.