STATE *ex rel.* ALBERTA B. JOHNSTON, *et vir,* and LUCILE BROACH, *et vir,* v. A. Z. ADKINS, as Judge of the Eighth Judicial Circuit and acting as Judge of the Thirteenth Judicial Circuit, and BEATRICE NEWPORT.

197 So. 526

En Banc

Opinion Filed August 2, 1940

*Chester H. Ferguson, Hampton, Bull & Crom* and *McKay, Macfarlane, Jackson & Ferguson,* for Relators;

*Dickenson & Dickenson,* for Respondents.

PER CURIAM.—Relators were respondents in a probate proceeding in the court of the county judge, sitting as a court of probate, the Honorable Henry N. Sandler, one of the two circuit judges of Hillsborough County, presiding under Section 5199 (3346) C. G. L., in lieu of the county judge, disqualified, and such relators are appellees in an appeal taken from the decree rendered July 5, 1940, in said probate cause to the Circuit Court for Hillsborough County.

After such appeal was taken to the circuit court, the Governor of Florida issued the following executive order under Section 4838 (3057) C. G. L., assigning one of the judges of the Eighth Judicial Circuit of Florida to judicial service in the Circuit Court for Hillsborough County:

"Whereas, it has been officially made known to me that justice demands the assignment of a circuit judge to Hillsborough County in the Thirteenth Judicial Circuit of the State of Florida;

"Now, THEREFORE, I, Fred P. Cone, acting under and by virtue of the authority vested in me as Governor of the State of Florida, do hereby designate, assign and appoint Honorable A. Z. Adkins, Judge of the Eighth Judicial Circuit of Florida, to proceed to Tampa, in the County of Hillsborough, State of Florida, and thereupon on Monday, the 22nd day of July, A. D. 1940, and as long as may be necessary thereafter, to be and appear in the Circuit Court of the Thirteenth Judicial Circuit of Florida in and for Hillsborough County, and to then and there assist the Circuit Judges of the Thirteenth Judicial Circuit of Florida; and he, the said A. Z. Adkins, under and by virtue of the authority hereof, is hereby vested with all and singular the powers and prerogatives conferred by the Constitution and

Laws of the State of Florida upon circuit judges presiding by virtue of an order of the Governor of said State.

"IN TESTIMONY WHEREOF, I have hereunto set my hand and caused the Great Seal of the State of Florida to be affixed at Tallahassee, the Capitol, this the 13th day of July, A. D. 1940.

"FRED P. CONE, Governor."

"BY THE GOVERNOR, ATTEST:

"R. A. GRAY, Secretary of State.

"(SEAL.)"

The Constitution of Florida contains the following: "The Governor may, in his discretion, order a temporary exchange of circuits by the respective judges, or order any judge to hold one or more terms or part or parts of any term in any other circuit than that to which he is assigned. The judge shall reside in the circuit of which he is judge." Sec. 8, Art. V.

Section 4838 (3057) C. G. L. provides: "Whenever it shall appear to the Governor of this State that any judge of a circuit court is absent from his circuit and cannot hold the courts of the same, or is disqualified in any cause pending in said court, or for any cause cannot properly hear, try and determine the same, the Governor may require an exchange of circuits or of courts in any of the counties of the circuit between such judge and any other judge of a circuit court, or may appoint and assign any other of the judges of the circuit court to hold regular or special terms of the court in such circuit at such time or times as the Governor may direct. (Ch. 1444, Dec. 6, 1864, Sec. 2.)

The circuit judge as assigned by the Governor's executive order, presiding in Hillsborough County, made on July 22, 1940, an order setting down for hearing on August 19, 1940, the aforesaid cause on appeal from the probate court.

Relators herein in effect challenge the sufficiency of the Governor's order of assignment to give such assigned circuit judge jurisdiction to hear and determine said appeal cause, and cite McCall v. Adams, judge, 116 Fla. 558, 156 So. 524, to sustain the contention.

The authority conferred upon the Governor by the Constitution and the statute are to be liberally interpreted to accomplish the intended purpose of facilitating the administration of justice in the courts of the State.

In this case the executive order of assignment is not as specific and limited in its terms as the law contemplates; but it may be amended or supplemented by another executive order if the Governor so desires. Judicial orders or actions taken by the assigned judge pursuant to the assignment order is issued, are not void, but are binding; and neither the executive order of assignment nor the judicial functions performed by the assigned judge under the executive order can be collaterally challenged. This attack upon the executive order is direct by prohibition proceedings. While the executive order is clearly not void as alleged, its terms may be made more definite so as to comply more accurately with the organic and statutory provisions conferring upon the Governor the authority to make executive assignments of circuit judges to service in other circuits than the one in which the judge resides.

A rule *nisi* in prohibition will be issued returnable in 15 days with leave to the respondent circuit judge to notify the Governor of the defects in the order of assignment and to make a part of his return any amended or supplemental order of assignment the Governor may be pleased to make in lieu of or to make more accurate the executive order exhibited in this proceeding. See McCall v. Adams, Judge, 116 Fla. 558, 156 So. 524.

It is so ordered.

TERRELL, C. J., WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.

Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.