342 So.2d 98 (1977)
Parker Charles PEAK, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-398.
District Court of Appeal of Florida, Third District.
February 1, 1977.
*99 Philip Carlton, Jr., Miami, and Thomas A. Wills, Coral Gables, for appellant.
Robert L. Shevin, Atty. Gen., and Arthur Joel Berger, Asst. Atty. Gen., and David A. Acton, Legal Intern, for appellee.
Before HENDRY, C.J., and BARKDULL and NATHAN, JJ.
NATHAN, Judge.
Parker Charles Peak was charged in a three count information with attempted petit larceny by unlawful use of a credit card, uttering a forged instrument and forgery. He was tried non-jury, found guilty as charged, adjudicated guilty and sentenced to one day on count one, three years in the state penitentiary on count two and three years in the state penitentiary on count three, to run consecutively with the sentence on count two.
The primary issue in this case is whether the trial court erred in admitting, over defense counsel's objection, testimony of involuntary inculpatory statements made by the defendant to a private security officer. The record reflects that on August 15, 1975, Peak entered a department store, selected a pair of shoes for purchase and gave the salesman a credit card issued in the name of Rudolph Quartucci. The salesman rang up the sale, and received an automatic numerical notice to telephone "credit," which he did. Peak signed the sales slip for the shoes. A security supervisor arrived on the scene, took the charge plate and asked Peak to come with her to the credit office because of a problem with the sale. Peak ran out of the store, was pursued by store personnel, caught and brought back to the security office where the security supervisor questioned him about the credit card.
At trial, the security supervisor testified over defense counsel's objection, that Peak stated to her that the credit card was not his, that someone gave it to him and that he knew he should not be using it. After these statements were made, a police officer arrived and read Peak his Miranda rights. When asked whether Peak went voluntarily to the security office, the supervisor answered, "Not entirely." She then explained that he was out of breath and could not resist, so she took him by the elbow and walked back to the office; that he could not have just gotten up and walked out of the office, and that he was technically being restrained.
A conviction which is based in whole or in part on an involuntary confession violates the defendant's right to due process of law guaranteed by the Fourteenth Amendment regardless of the truth or falsity of the confession.[1]Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964); Chambers v. State of Florida, 309 U.S. 227, 60 S.Ct. 472, 84 L.Ed. 716 (1940). The record in this case demonstrates that a confession was made to a private security officer rather than a police officer, and further that from the circumstances, it was not voluntarily made.
We hold that an involuntary confession, whether made to law enforcement officers or private persons, is inadmissible. People v. Haydel, 12 Cal.3d 190, 115 Cal. Rptr. 394, 524 P.2d 866 (1974). Also see Commonwealth v. Mahnke, 335 N.E.2d 660 (Mass. 1975), and People v. Frank, 52 Misc.2d 266, 275 N.Y.S.2d 570 (1966). Therefore, we reverse the conviction and sentence, and remand the cause for a new trial.
In view of the foregoing, it is not necessary to discuss the other points raised on appeal.
Reversed and remanded.
NOTES
[1] For the purposes of this opinion, it is not necessary to concern ourselves with the technical distinction between confessions and admissions. See Bates v. State, 78 Fla. 672, 84 So. 373 (1919).