347 So.2d 472 (1977)
Gloria Elizabeth WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. CC-457.
District Court of Appeal of Florida, First District.
June 30, 1977.
Richard W. Ervin, III, Public Defender, and Theodore E. Mack, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellee.
McCORD, Judge.
This is an appeal of judgment and sentence of appellant for petit larceny, she having been convicted of petit larceny twice previously. Appellant contends the trial court erred in refusing to grant appellant's motion for mistrial after the store manager of the Montgomery Ward store from which appellant had allegedly stolen property testified that appellant neither denied nor admitted the charge after he took her into custody. We find no error and affirm.
The evidence shows that appellant was observed by several employees of Montgomery Ward walking through the store wearing a hat which she had not paid for. They observed her go out the door and then return when she knew she had been seen. She then took off the hat and tossed it down with a pair of the store's gloves. She was then approached by the manager. He testified that upon apprehending appellant, he "asked her to step down back to the office, we needed to talk to her. She stated that she wasn't coming back and I said that we'd have to take her back there forcibly if *473 she didn't want to go with us. She stopped, opened her purse, took out a cigarette, lit a cigarette and then she walked back with us." Upon being asked if appellant said anything to him at that point, the manager replied, "She neither denied nor admitted the charge." There is no affirmative testimony that appellant was actually interrogated by the manager. After the above quoted testimony, the manager said, "I left the scene, we walked back to my office. She came into my office and sat down. I had one of the ladies from the credit area come down and sit down to be present. I went in and picked up the store's walki talki and paged the mall police." The manager then testified that the officer came in and took appellant to their security office where he filled out his form and sealed the merchandise in a sack.
Appellant contends that the doctrine laid down in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), is applicable, and that the manager's testimony that "she neither denied nor admitted the charge" injected fundamental error into the trial; that appellant's motion for mistrial made immediately after the statement should have been granted; that appellant had a right to remain silent, and any reference before the jury that appellant had declined to answer questions propounded to her while in custody was fundamental error.
Miranda deals only with police custodial interrogation. We do not consider that the doctrine pronounced in Miranda by the United States Supreme Court in relation to police custodial interrogation should be broadened and extended to include circumstances such as those present in the case sub judice which does not involve police custodial interrogation. The manager's testimony that "she neither denied nor admitted the charge" means only that she did not volunteer any information one way or the other and properly relates to her unexplained possession of recently stolen property. Such testimony was admissible since appellant's silence was not silence in the face of police custodial interrogation.
Affirmed.
SMITH, J., concurs.
RAWLS, Acting C.J., dissents.
RAWLS, Acting Chief Judge (dissenting).
This appeal is from a judgment of conviction for the crime of petit larceny. Appellant walked out of Montgomery Ward's store (Norwood Avenue  Duval County) with a hat and a pair of gloves without paying for same. Becoming aware that she was being observed by employees of Ward's, she returned to the interior of the store and tossed the articles of clothing into a pile of boxes. Ward's manager testified that at this point in time he apprehended appellant and: "I asked her to step down back to the office, we needed to talk to her. She stated she wasn't coming back and I said that we'd have to take her back forcibly if she didn't want to go with us." The manager further testified that appellant walked back with him and another employee. During trial, in response to the prosecuting attorney's question, "Did she say anything to you at that point?", the manager responded, "She neither denied nor admitted the charge." Appellant's motion for mistrial grounded on her "right to remain silent" was denied. The manager testified he then paged the mall's police, and Officer Spicer came and took appellant to the security office.
The majority has agreed with the state's argument that appellant was not under arrest by a law enforcement officer, and Miranda's[1] "custodial interrogation" principle refers to "police custodial interrogation" and thus is not applicable. By enactment of Section 901.34, Florida Statutes (1975), the Florida legislature conferred the authority of the sovereign upon:
"... a merchant, or a merchant's employee who has probable cause for believing that goods held for sale by the merchant have been unlawfully taken by a person and that he can recover them by *474 taking the person into custody, may, for the purpose of attempting to effect such recovery, take the person into custody and detain him in a reasonable manner ... ." (emphasis supplied)
Here, the "merchant", acting with this grant of sovereign authority, took appellant into his custody and interrogated her; thus, the custodial interrogation was conducted in a police-like atmosphere pursuant to the sovereign's grant of such power. Under the circumstances reflected by this record, it is my opinion that the trial court committed fundamental error in denying appellant's motion for mistrial.[2]
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[2] Bennett v. State, 316 So.2d 41 (Fla. 1975); and Jones v. State, 200 So.2d 574 (Fla. 3rd DCA 1967). See also Peak v. State, 342 So.2d 98 (Fla. 3rd DCA 1977), wherein the Third District Court of Appeal, in considering a similar factual situation, held: "... that an involuntary confession, whether made to law enforcement officers or private persons [private security officer], is inadmissible. People v. Haydel, 12 Cal.3d 190, 115 Cal. Rptr. 394, 524 P.2d 866 (1974). Also see Commonwealth v. Mahnke, 335 N.E.2d 660 (Mass. 1975), and People v. Frank, 52 Misc.2d 266, 275 N.Y.S.2d 570 (1966)...."