354 So.2d 888 (1978)
STATE of Florida, Appellant,
v.
Thomas Joseph HOLT, Appellee.
No. 76-2677.
District Court of Appeal of Florida, Fourth District.
January 10, 1978.
Rehearing Denied February 24, 1978.
*889 Michael J. Satz, State's Atty., and Linda DeBene, Asst. State's Atty., Fort Lauderdale, for appellant.
Ray Sandstrom of Sandstrom & Haddad, Fort Lauderdale, for appellee.
CROSS, Judge.
The State of Florida appeals an order suppressing certain incriminating statements made by the appellee, Thomas Holt, in a prosecution for homicide.
At the time of his indictment for murder, Thomas Holt was a confidential informant for the United States Drug Enforcement Agency [hereinafter D.E.A.] and had been for some time. Mr. Holt's occupation required that he regularly provide information to law enforcement officers about drug trafficking and related crimes.
In May 1976 appellee was implicated in a homicide then under investigation by the Police Department for the City of Oakland Park, Florida. Word of Mr. Holt's alleged involvement reached his supervisors at the D.E.A., who then contacted Sgt. Hemp and Det. Schiffman of the Oakland Park Police to ascertain the degree of appellee's possible involvement in the alleged crime. At a meeting later held with Sgt. Hemp and Det. Schiffman, Mr. Holt's supervisors were told that appellee was a suspect in a homicide currently under investigation. A request was made to the D.E.A. agents not to reveal to appellee that he was under investigation. They agreed.
Subsequently, upon learning that the D.E.A. officers were scheduled to meet with Mr. Holt, Det. Schiffman, according to testimony elicited at the hearing on the motion to suppress the confession, asked the D.E.A. agents to see what they could learn from appellee about the homicide. Later, Det. Schiffman again contacted the D.E.A. and requested them to inquire whether appellee would be willing to speak with the Oakland Park Police about the case. In exchange for meeting with the city detectives, a promise was made that after the meeting appellee would not be placed under arrest at the time, and that after the meeting he would be free to leave.
That afternoon appellee met with his D.E.A. supervisors, who informed him of their communications with the detectives from the Oakland Park Police. Upon inquiry by the D.E.A. agents, appellee detailed the facts and circumstances surrounding the murder of one Jerry MacDonald in Oakland Park on the night of May 6, 1976. In his statement to these federal agents, Mr. Holt implicated himself and others as perpetrators of the crime. No Miranda warnings were given to Mr. Holt at this meeting. Following the meeting, the substance of appellee's statement was communicated to the Oakland Park Police.
Later that evening, appellee arrived at the Oakland Park Police Station accompanied by his D.E.A. friends for a pre-arranged meeting with Detectives Hemp and Schiffman. At that time appellee was again told that he would not be arrested that night if he should decide to give a statement concerning the homicide under investigation. However, it was made clear *890 that the entire matter would be submitted to the grand jury at a later time for consideration, and that criminal indictments might be issued. After being informed of his Miranda rights, which were waived both orally and in writing, appellee repeated the statement which he had given earlier that day to the D.E.A. officers. This statement was taped and transcribed, and forms the body of the material sought to be suppressed.
Mr. Holt was subsequently indicted by the grand jury for murder, and on motion the trial court suppressed the incriminating statements given to the D.E.A. and to the Oakland Park Police. This appeal by the state then followed.
It is uniformly recognized that a confession may be admitted in evidence only if it is freely and voluntarily made, and no improper influences were executed to induce it. Coffee v. State, 25 Fla. 501, 6 So. 493, 23 Am.St.Rep. 525 (1889). Where two confessions have been given, the mere fact that the first confession may have been obtained as a result of improper influences does not necessarily make inadmissible a subsequent confession, provided there has been a showing that the improper influences have been removed. Rhome v. State, 222 So.2d 431 (Fla. 3d DCA 1969).
In the instant case, we are of the view that the totality of the circumstances indicates that the confession given to the Oakland Park Police was freely and voluntarily made by the appellee. While the record is unclear as to what possible inducements were offered by appellee's D.E.A. associates to obtain the initial confession, it is clear that those improper influences, if there were any, were dissipated by the careful explanation of appellee's constitutional rights, and the voluntary waiver of those rights at the Oakland Park Police Department.
Accordingly, the order suppressing the confession is reversed and the cause remanded.
Reversed and remanded.
DOWNEY and DAUKSCH, JJ., concur.