ADKINS, Justice,
dissenting.
By petition for certiorari we have for review a decision of the First District Court *847 of Appeal, Williams v. State, 347 So.2d 472 (Fla. 1st DCA 1977), which allegedly conflicts with a prior decision of this Court, Bennett v. State, 316 So.2d 41 (Fla.1975), and the decision of the Third District Court of Appeal, Jones v. State, 200 So.2d 574 (Fla.3d DCA 1967), on the same point of law. Art. V, § 3(b)(3), Fla.Const.
Petitioner, defendant below, was charged with and convicted of the crime of petit larceny. Having been convicted of petit larceny twice previously, she was sentenced to imprisonment in the state prison. The pertinent facts, as recited by the district court of appeal in its opinion, were as follows:
The evidence shows that appellant was observed by several employees of Montgomery Ward walking through the store wearing a hat which she had not paid for. They observed her go out the door and then return when she knew she had been seen. She then took off the hat and tossed it down with a pair of the store’s gloves. She was then approached by the manager. He testified that upon apprehending appellant, he “asked her to step down back to the office, we needed to talk to her. She stated that she wasn’t coming back and I said that we’d have to take her back there forcibly if she didn’t want to go with us. She stopped, opened her purse, took out a cigarette, lit a cigarette and then she walked back with us.” Upon being asked if appellant said anything to him at that point, the manager replied, “She neither denied nor admitted the charge.” There is no affirmative testimony that appellant was actually interrogated by the manager. After the above quoted testimony, the manager said, “I left the scene, we walked back to my office. She came into my office and sat down. I had one of the ladies from the credit area come down and sit down to be present. I went in and picked up the store’s walki talki [sic] and paged the mall police.” The manager then testified that the officer came in and took appellant to their security office where he filled out his form and sealed the merchandise in a sack.
347 So.2d at 472-73.
The District Court of Appeal held that the trial court did not commit error in refusing to grant defendant’s motion for mistrial after the manager of the store testified that, when confronted with an accusation, defendant “neither denied nor admitted the charge.” Defendant says that the question of the prosecutor and answer of the witness constituted a comment on defendant’s exercise of her right to remain silent. This ruling conflicted with the principles announced in Bennett v. State, supra, and Jones v. State, supra. Since the filing of the petition for writ of certiorari in the case sub judice, we have decided Clark v. State, 363 So.2d 331 (Fla.1978); the defendant herein made the necessary contemporaneous objection, as required by Clark v. State, supra, and preserved the point on appeal.
The state argues, and the District Court of Appeal held, that Miranda deals only with police custodial interrogations. I disagree.
Section 901.34, Florida Statutes (1975) conferred the authority of the sovereign upon,
[A] merchant, or a merchant’s employee who has probable cause for believing that goods held for sale by the merchant have been unlawfully taken by a person and that he can recover them by taking the person into custody, may, for the purpose of attempting to effect such recovery, take the person into custody and detain him in a reasonable manner . .
[Emphasis added.]
As stated by Judge Rawls in his dissent:
Here, the “merchant”, acting with this grant of sovereign authority, took appellant into his custody and interrogated her; thus, the custodial interrogation was conducted in a police-like atmosphere pursuant to the sovereign’s grant of such power.
In Peak v. State, 342 So.2d 98 (Fla.3d DCA 1977), a confession was made to a private security officer rather than a police *848 officer. It appeared the confession was not made voluntarily. The court held such a confession is inadmissible whether made to a law enforcement officer or private security officer. The court in Peak held, in . effect, that the requirement of Miranda warnings does not depend on whether the interrogator is a law enforcement officer or a private security guard. By the same token, evidence of the silence of an accused while in custody is subject to the guidelines set out in Miranda regardless of whether the accused was under arrest or whether he was held in custody by virtue of the authority granted by Section 901.34, Florida Statutes (1975), quoted above.
Testimony that defendant “neither denied nor admitted the charge” is equivalent to saying the defendant remained silent. Cridland v. State, 338 So.2d 30 (Fla.3d DCA 1976), was a prosecution for breaking and entering and grand larceny. The arresting officer testified the defendant made no statement. The district court reasoned that the inquiry concerning defendant’s silence was not adduced to penalize the defendant, but was used to assist the jury’s consideration of the inference that guilty knowledge may be drawn from the fact of unexplained possession of recently stolen goods.
The guidelines set forth in Miranda, supra, are applicable if the accused is in custody. When this predicate is shown it is error for the prosecution to use at trial the fact that the accused stood mute or claimed the 5th Amendment privilege in the face of accusation. In the case sub judice the defendant was told to go to the office of the manager. When she refused, defendant was told that she would be taken to the office forcibly. Upon compliance the defendant was in custody and aware of the accusation implicit in the threat. When the manager testified that, at this point, she “neither denied nor admitted the charge” he commented upon the silence of the defendant in the face of accusation. This was error and the motion for mistrial should have been granted.
The decision of the District Court of Appeal should be quashed.
BOYD and SUNDBERG, JJ., concur.