483 So.2d 97 (1986)
STATE of Florida, Appellant,
v.
Michael KETTERING, Appellee.
No. 85-100.
District Court of Appeal of Florida, Fifth District.
February 13, 1986.
*98 Jim Smith, Atty. Gen., Tallahassee, and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for appellant.
Hugo H. de Beaubien, of Drage, de Beaubien, Milbrath & Simmons, Orlando, for appellee.
UPCHURCH, Judge.
This is an appeal by the state from an order granting Kettering's motion to suppress and motion to dismiss the charge of grand theft filed against him.
Kettering was a sales clerk at a K-Mart store. He stole certain items from the jewelry department and hid them at his home. The loss was noticed and, through the process of elimination and interview of others, Kettering became the only suspect. Kettering initially denied all knowledge of the theft, but later confessed. He contended that statements made by representatives of the store indicated that, if he confessed, the police would not be called. The manager of the K-Mart testified at the suppression hearing that Kettering was never specifically told that the police would not be called, but she acknowledged that he had been told that if he gave the goods back "it (meaning the entire situation) could be kept in the store." After confessing, Kettering was driven to his home where the goods were recovered. Upon return to the store, Kettering was arrested and was later charged with grand theft. His motion to suppress and motion to dismiss the information were granted on the basis that his confession to K-Mart was involuntary, that it tainted his subsequent confession to the police, and that the suppression of his confessions was dispositive of this case. We affirm.
The burden of proof is on the government to show the voluntariness of a confession by a preponderance of the evidence. Lego v. Twomey, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972); Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). A confession has been held not to be "free and voluntary" when "obtained by any direct or implied promises, however slight." Bram v. United States, 168 U.S. 532, 542-543, 18 S.Ct. 183, 186-187, 42 L.Ed. 568 (1897); Frazier v. State, 107 So.2d 16 (Fla. 1958). Here there is no question that the inculpatory statements made to the K-Mart employees were obtained by either the direct or implied promise that if Kettering confessed, then the matter would remain within the store. The question thus is whether this involuntary confession made to a private party should be suppressed.
At first glance, suppression of the evidence under these circumstances seems to serve no purpose and the interest of society in seeing the perpetrators of a crime punished is defeated. Application of the exclusionary rule to situations involving misconduct by the police is justified only because it then becomes unproductive for the police to resort to improper methods to secure confessions. The victim of a crime cannot *99 be expected to know or to abide by the same rules or conduct expected and demanded of the police. By applying the exclusionary rule in these circumstances, the perpetrator goes free, the victim is frustrated and no need of society has been served.
However, we conclude that the above question must be answered in the affirmative based on Lawton v. State, 152 Fla. 821, 13 So.2d 211 (1943). In that case, Lawton had allegedly embezzled funds from Rosa Doyscher. After he was charged with embezzlement, Lawton signed a confession prepared by Rosa's counsel with the understanding that he would repay the embezzled funds and a criminal prosecution would not be pursued. Contrary to the agreement with private counsel, Lawton was arrested and tried for embezzlement. Over objection, Lawton's confession was admitted and he was convicted. On appeal, the supreme court reversed the judgment, holding that the state had failed to establish the voluntariness of the confession:
It is not disputed that the appellant had a wife and two sons; he wanted to avoid a criminal prosecution; he did not want to embarrass his family; he wanted time to pay the indebtedness; the appellant believed his agreement with private counsel would obtain the objectives; he signed the confession for these purposes and not for a criminal prosecution. The private prosecutor and appellant were shocked by the action of the officials in calling and placing the case on trial; thereby upsetting their agreements. To render a confession voluntary and admissible as evidence, the mind of the accused should at the time be free to act, uninfluenced by fear or hope. If the attending circumstances be calculated to delude the accused as to his true position and exert an improper and undue influence over his mind, the confession is not admissible.
13 So.2d at 213. See also Peak v. State, 342 So.2d 98 (Fla.3d DCA 1977), holding that a involuntary confession, whether made to law enforcement officers or private persons, is inadmissible.
Here the confession was likewise based on Kettering's understanding that he could avoid prosecution by returning the goods to K-Mart. This involuntary confession "tainted" the subsequent confession to the police. See United States v. Bayer, 331 U.S. 532, 67 S.Ct. 1394, 91 L.Ed. 1654 (1947). Thus the trial court correctly suppressed both confessions and all evidence flowing therefrom. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). Since these suppressions were dispositive of the case, the trial court was likewise correct in granting Kettering's motion to dismiss.
AFFIRMED.
DAUKSCH, J., and VANN, H.R., Associate Judge, concur.