PER CURIAM.
Reversed and remanded for a new trial on the authority of Lawton v. State, 152 Fla. 821, 13 So.2d 211 (1943); State v. Kettering, 483 So.2d 97 (Fla. 5th DCA 1986); and Peak v. State, 342 So.2d 98 (Fla. 3d DCA 1977). The appellant should be retried on all counts except the charge involving the video recorder for which the state failed to prove the value thereof. Appellant is entitled to a directed verdict of acquittal on that count.
The state called the burglary victim as its chief witness at trial. The victim testified that after his home was burglarized, he found the stolen property hidden near his home. The burglar[s] apparently intended to return later to retrieve it. Subsequently, the victim armed himself and waited for someone to retrieve the stolen property. When the appellant and another person approached the stolen property, the victim fired shots into the ground, ordered them to lie on the ground and then handcuffed them. The appellant denied having broken into the victim’s home. At that point the victim pointed his gun at appellant’s face and told appellant he was in no position to lie. Appellant then conceded to the victim that “yes, you’ve got us, you’ve got us now.” The trial court overruled objections by appellant to this testimony that the statements were involuntary. The person accompanying the appellant later testified at trial that he alone had burglarized the home and later secured appellant's help to retrieve the stolen goods. The cases cited above stand for the proposition that involuntary confessions or admissions given to private persons are inadmissible in Florida courts. We believe appellant’s statements were obviously involuntary and, in view of the disputed proof at trial about the appellant’s involvement, we cannot say *431 the admission of such testimony was harmless. Nowlin v. State, 346 So.2d 1020 (Fla. 1977).
ANSTEAD and GUNTHER, JJ., concur.
LETTS, J., dissents with opinion.