559 So.2d 305 (1990)
D.B., a Juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-1599.
District Court of Appeal of Florida, Third District.
April 3, 1990.
*306 Bennett H. Brummer, Public Defender, and Gemma Cosentino, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Angelica D. Zayas, Asst. Atty. Gen., for appellee.
Before BARKDULL, COPE and GODERICH, JJ.
PER CURIAM.
D.B. appeals an adjudication of delinquency for burglary, grand theft, and criminal mischief. We affirm in part and reverse in part.
D.B. was charged with violating Section 810.02, Florida Statutes (1987), which provides, in part:
`Burglary' means entering or remaining in a structure or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain.
In a circumstantial evidence case, the evidence must not only prove guilt beyond a reasonable doubt, but it must also be sufficient to exclude every reasonable hypothesis of innocence. T.S.J. v. State, 439 So.2d 966 (Fla. 1st DCA 1983). The circumstances proved in the present case exclude any reasonable hypothesis of innocence.
The evidence that D.B. was in the process of ransacking the bedroom when the victim's family appeared is inconsistent with D.B.'s explanation that he was there to meet some friends and was looking around because he was just being nosey. In R.A. v. State, 400 So.2d 1059 (Fla. 3d DCA), review denied, 407 So.2d 1105 (Fla. 1981), the fact that the juvenile was found inside the principal's office going through a desk was more than sufficient to sustain the conclusion that the juvenile intended to commit theft within the structure. On this basis, the juvenile court in the present case properly found D.B. guilty of burglary.
D.B. was also charged with violating Section 806.13(1)(a), Florida Statutes (Supp. 1988), which provides in part:
A person commits the offense of criminal mischief if he willfully and maliciously injures or damages by any means any real or personal property belonging to another, including, but not limited to, the placement of graffiti thereon or other acts of vandalism thereto.
In the present case, the evidence supports the finding that D.B. was guilty of criminal mischief. Since the dresser was undeniably broken within hours of D.B.'s appearance at the house, since a witness heard a dresser drawer crashing to the floor just moments before D.B. was apprehended, and since a witness saw D.B. break the door hinge as he was trying to escape, the juvenile court properly found D.B. guilty of criminal mischief.
In conclusion, there is ample evidence to affirm the trial court's finding that D.B. is guilty of criminal mischief and burglary. But, as the state properly concedes, the trial court erred in finding D.B. guilty of grand theft since D.B. could not have stolen the property on the day he was *307 arrested since it was reported stolen two days earlier. Therefore, D.B. cannot be found guilty of grand theft. See R.W. v. State, 522 So.2d 984 (Fla. 1st DCA 1988); Howard v. State, 515 So.2d 430 (Fla. 4th DCA 1987).
For these reasons, the adjudication of delinquency under review is hereby affirmed as to the offenses of criminal mischief and burglary, but reversed as to grand theft.