698 So.2d 360 (1997)
William MIRABAL, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1553.
District Court of Appeal of Florida, Fourth District.
August 20, 1997.
*361 Jack A. Fleischman of Fleischman & Fleischman, P.A., Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Michelle A. Konig, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, Judge.
The appellant challenges his conviction, claiming that the trial court erred in failing to suppress his confession to his employer and his subsequent confession to the police because the initial confession was involuntary. We agree that the confession to the private employer should have been suppressed but conclude that the subsequent confession to the police was not similarly tainted. We therefore affirm.
At the hearing on the motion to suppress, both sides proffered evidence to the court. Appellant proffered that he was approached by his employers who confronted him about the loss of money in their store. They accused appellant of being the culprit and told him that if he admitted it, they would not call the police, and he could keep his job. They also pointed out to him that they knew he was on probation and insinuated that if he did not cooperate he would end up in jail. They dictated a statement, which appellant copied and signed. He also initialed receipts or slips which they gave him. The state conceded that appellant was told by his employers that if he confessed, the police would not be called.
The prosecutor proffered that a police officer was called to the store after appellant had signed the written confession. The officer arrested appellant and then read him his Miranda rights. Appellant waived those rights and spoke freely to the officer on tape. Nothing was promised to appellant as a means of securing his confession to the officer.
Appellant's confession to his employers was involuntary and should have been suppressed. See Lawton v. State, 152 Fla. 821, 13 So.2d 211 (1943); Howard v. State, 515 So.2d 430 (Fla. 4th DCA 1987); State v. Kettering, 483 So.2d 97 (Fla. 5th DCA 1986); Peak v. State, 342 So.2d 98 (Fla. 3d DCA *362 1977). We find Colorado v. Connelly, 479 U.S. 157, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986), relied on by the state, inapposite as it held only that the due process clause of the United States Constitution required an act by a state agent to implicate the protection of the Fourteenth Amendment. Thus, the court focused on "voluntariness" of the confession within the meaning of the federal due process clause. However, in the instant case, we deal with the state right to due process under Article I, Section 9, of the Florida Constitution.
Appellant further claims that the involuntariness of the first confession tainted the subsequent confession to the police officer. Generally, where it is established that the initial confession was involuntary, the coercion is presumed to continue "unless clearly shown to have been removed prior to a subsequent confession." Brewer v. State, 386 So.2d 232, 236 (Fla.1980) (quoting State v. Outten, 206 So.2d 392, 396 (Fla.1968)). In the instant case, the proffered evidence showed that the officer came to the store after appellant's confession to his employers. The officer read appellant his rights which the appellant waived, and the appellant spoke freely to the officer. Further, nothing was promised to get the appellant to waive his rights, and appellant was aware that the officer was with the police. See State v. Holt, 354 So.2d 888 (Fla. 4th DCA 1978); Rhome v. State, 222 So.2d 431 (Fla. 3d DCA 1969). Thus, as to the confession to the officer, there was no evidence of coercion or that the coercion of the first confession carried over to the subsequent confession. Indeed, at the time of the second confession, the appellant would have known that the promise of his employers not to call the police was broken.
Because it was not error to deny the motion to suppress the confession to the police officer, we affirm the conviction and sentence of the appellant.
Affirmed.
POLEN, J., concurs.
STONE, C.J., concurs specially with opinion.
STONE, Chief Judge, concurring specially.
Although I do not agree that Appellant's confession to his employers had to be suppressed, the point is moot and I concur in full with the balance of the majority opinion.