CRAWFORD, GRADY L. (Ret.), Associate Judge.
This appeal is from a conviction of grand' larceny of groceries valued at over one hundred dollars.
The challenged portion of the arresting officer’s testimony is as follows:
“Q. What did you do then?
A. I asked Mr. Brownlee if he had come in a vehicle, if possibly his wife was outside, and at this point he refused to answer any more of my questions.
Q. Did you advise him of what we call the Miranda warnings or rights?
A. Yes, I did.
Q. How did you so advise him?
A. After calling over the store P.A. system for his wife.
MR. JORDAN [Defense Counsel]: Judge, I am going to object to this and ask that the jury be excused (T 23).
* * * * * *
MR. JORDAN: Judge, at this point I am going to move for a mistrial in that the officer stated my client refused to answer any questions. This is before any Miranda rights were said, before anything. He stated on direct examination that he refused to answer any questions.
* * * * * 4c
THE COURT: I will deny your motion for mistrial. Go ahead (T 24).”
It appears from the record that this call over the store P.A. system was made before the above quoted testimony and after the reading of the Miranda rights. The record indicates that appellant was given his Miranda rights warning prior to his refusal to answer any more of the officer’s questions.
On the basis of these facts, the trial court denied the motion for new trial because the statements were concerned with pre-custo-dial interrogation and therefore did not constitute improper comment on appellant’s right to remain silent in face of accusation.
From the transcript it appears that appellant’s refusal to answer any more questions came after he was given his Miranda rights. Therefore any comment on appellant’s silence was improper. If the Miranda warning preceded the refusal to answer, then appellant was certainly being subjected to an in-custodial interrogation. In any event, it clearly appears that the appellant was not free to leave the scene, was under interrogation and that interrogation was custodial. See Bennett v. State, 316 So.2d 41 (Fla.1975); Shannon v. State, 335 So.2d 5 (Fla.1976); Webb v. State, 347 So.2d 1054 (Fla. 4th DCA 1977).
*726 Furthermore, even if appellant’s silence was prior to the receipt of his warnings or his arrest, the interrogation should still be deemed custodial. A determination of whether an interrogation is custodial or pre-custodial should focus on whether the interrogation imposes any restrictions on the defendant’s liberty. The practical question should be whether the defendant was free to walk away from the interrogation. It seems fairly obvious that the officer would not let appellant merely walk away from the interrogation. Thus, the interrogation in the instant case was custodial. We reverse the conviction.
Proof of the value of the groceries taken was by the store manager and employees testifying that the itemized aggregate retail value came to a total of $103.73. The proof adduced by the State here was remarkably similar to that in Cleare v. State, 321 So.2d 122 (Fla. 3d DCA 1975) where the Court held that the total retail price of the individual items amounted to more than $100.00. The proof of value was thus sufficient to establish the crime of grand larceny.
REVERSED and REMANDED for new trial.
ANSTEAD and DAUKSCH, JJ., concur.