PER CURIAM.
This is an appeal from a criminal conviction and sentence for second degree grand theft. The defendant Jenny Jones contends that the trial court committed reversible error in denying her contemporaneous motion for a mistrial when the state elicited from a witness in the jury’s presence that the defendant Jones remained silent after she was apprehended by a retail store detective for shoplifting pursuant to Section 812.015(3)(a), Florida Statutes (1981) and accused of shoplifting by the said detective. We entirely agree, and, therefore, reverse and remand for a new trial, based on the authorities and reasoning contained in Judge Rawls’ dissent in Williams v. State, 347 So.2d 472, 473-74 (Fla. 1st DCA 1977), cert. discharged, 376 So.2d 846 (Fla.1979). We also rely on the subsequent authority of Clark v. State, 363 So.2d 331, 334 (Fla.1978); Lee v. State, 422 So.2d 928, 930-31 (Fla. 3d DCA 1982); and Brownlee v. State, 361 So.2d 724, 725 (Fla. 4th DCA 1978), which fully support Judge Rawl’s analysis herein. In so doing, we certify, pursuant to Article *338 V, Section 3(b)(4) of the Florida Constitution, that' our decision herein is in direct conflict with the majority opinion in the above-stated Williams case.
We find no merit in the defendant’s remaining point on appeal. Thompson v. State, 249 So.2d 51 (Fla. 3d DCA 1971); § 812.015(1)(c), Fla.Stat. (1981).
Reversed and remanded for a new trial.