NIMMONS, Judge.
The defendant appeals from his conviction of the offense of grand theft which involved the theft of $135 worth of oil *1233 paints from an Albertson’s store in Jacksonville. Before he exited the store, he was apprehended by Mr. Miller and Mr. Gruny, the drug department manager and store manager, respectively, who escorted the defendant to the store’s office. Miller testified that, prior to the arrival of police officers, the defendant refused to sign a “rights form” which Miller requested that he sign.[1] Defense counsel objected on relevancy and Fifth Amendment grounds. Defendant contends on appeal that the above testimony regarding the rights form was violative of his Fifth Amendment right against self-incrimination. He has not raised the relevancy ground on appeal. In Williams v. State, 347 So.2d 472 (Fla. 1st DCA 1977), this court held a store manager’s testimony that the defendant neither admitted nor denied the theft charge did not violate the defendant’s Fifth Amendment rights since her detention by the store manager did not constitute police custody under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The case sub judice is controlled by Williams. We recognize that our decision is in direct conflict with Jones v. State, 434 So.2d 337 (Fla. 3rd DCA 1983), and certify such conflict pursuant to Fla.App.R. 9.030(a)(2)(A)(vi).
We have examined the other grounds asserted by the defendant and find them to be without merit.
AFFIRMED.
MILLS and SMITH, JJ., concur.

. There is no indication as to what the “rights form” consisted of. It was neither marked for identification nor further described by testimony.