461 So.2d 97 (1984)
STATE of Florida, Petitioner,
v.
Jenny JONES, Respondent.
No. 64082.
Supreme Court of Florida.
December 20, 1984.
*98 Jim Smith, Atty. Gen., and Richard E. Doran, Asst. Atty. Gen., Miami, for petitioner.
Bennett H. Brummer, Public Defender and Elliot H. Scherker, Asst. Public Defender, Eleventh Judicial Circuit, Miami, for respondent.
EHRLICH, Justice.
We have before us by petition for review Jones v. State, 434 So.2d 337 (Fla. 3d DCA 1983). The district court certified its decision as being in direct conflict with Williams v. State, 347 So.2d 472 (Fla. 1st DCA 1977), cert. discharged, 376 So.2d 846 (Fla. 1979). Our jurisdiction is pursuant to article V, section 3(b)(4), Florida Constitution.
Respondent was charged with and convicted of second-degree theft. The state presented the only witness who testified, Terry White, a store detective employed by Jefferson stores. According to his testimony, respondent and another woman entered the store, proceeded to the ladies' wear department, and filled two red Jefferson bags with jumpsuits. White followed them out the exit door. White then identified himself, explained to the women why they had been stopped and asked them to return to the security office with him. At this point in the testimony, the prosecutor asked White whether the women offered any explanation for their conduct. Following the response, "No, none," defense counsel objected and moved for a mistrial on the basis that respondent had a fifth amendment privilege to remain silent and not to have the exercise of that right disclosed to the jury. The trial court denied the motion, finding it dispositive that the silence about which White testified occurred prior to respondent's arrest.
The district court agreed with respondent and reversed, relying primarily on the authority and reasoning in Judge Rawls' dissent in Williams. It was Judge Rawls' position that when a merchant detains a suspected shoplifter under section 901.34, Florida Statutes (1975) [here section 812.015(3)(a), Florida Statutes (1981)], a policelike atmosphere has been created, pursuant to the sovereign's grant of power, and the suspect is "in custody." Section 812.015(3)(a) provides:
[a] law enforcement officer, a merchant, a merchant's employee, ... who has probable cause to believe that merchandise ... has been unlawfully taken by a person and that he can recover it by taking the person into custody may, for the purpose of attempting to effect such recovery or for prosecution, take the person into custody and detain him in a reasonable manner and for a reasonable length of time... . [A] law enforcement officer shall be called to the scene immediately after the person has been taken into custody. [Emphasis supplied.]
Section 812.015(6), Florida Statutes (1981) provides:
[a]n individual who resists the reasonable effort of a law-enforcement officer, merchant [or] merchant's employee ... to recover merchandise . .. which the [authorized person under the statute] . .. had probable cause to believe the individual had concealed or removed from its place of display or elsewhere and who is subsequently found to be guilty of theft of the ... merchandise ... is guilty of a misdemeanor of the first degree... .
We do not agree with the Third District or Judge Rawls that section 812.015, Florida Statutes raises the action of a store employee charged with the duty of protecting his employer's property interests to the level of state action for purposes of invoking the protection of the fifth amendment to the United States Constitution or article I, section 9 of the Florida Constitution. To do so would overlook the common law right of recapture (or recaption) of chattels.
At common law, the owner or custodian of property has the right to take action in defense of that property. That action may include force or confinement reasonable under the circumstances. Restatement of Torts § 77.80 (1934); W. Prosser, Law of Torts § 22 (4th ed. 1971). This view was clearly that of the Florida Supreme Court *99 in Winn & Lovett Grocery Co. v. Archer, 126 Fla. 308, 171 So. 214 (1936).
It is undoubtedly true that in order to recover for false arrest of the person, it must be shown that the restraint was unreasonable and such as was not warranted by the circumstances. Jacques v. Childs Dining Hall Co., 244 Mass. 438, 138 N.E.Rep. 843, 844, 26 A.L.R. 1329. It was said in that case:
"It may be assumed  indeed, it is not denied  that the plaintiff knew that she must pay for her luncheon before leaving the restaurant, and the defendant undoubtedly had the right, if apparently she had not paid, to detain her for a reasonable time to investigate the circumstances. But if she was detained for an unreasonable time or in any unreasonable way she is entitled to recover."
126 Fla. at 317-18, 171 So. at 218.
The harsh corollary of the common-law rule was that, if the suspicion of theft or interference proved to be erroneous, the detention was per se unreasonable and not warranted by the circumstances.
It follows that a shopkeeper, who has good reason to believe that he has caught a customer in the act of stealing, of defrauding him of goods, or of sneaking out without paying for goods or services, is placed in a difficult position. He must either permit the suspected wrongdoer to walk out, and very probably say goodbye to both goods and payment, or run the risk that he will be liable for heavy damages for any detention. Many courts have held him liable for false imprisonment under an honest mistake in such a case.
Prosser, § 22 at 121. In order to mitigate this difficult position, California adopted a rule allowing probable cause to suspect theft to substitute for proof of actual theft in raising the defense of justification to a claim of false imprisonment. Collyer v. S.H. Kress & Co., 5 Cal.2d 175, 54 P.2d 20 (1936). This amelioration of the shop-keeper's dilemma quickly became the majority rule. Annot., 137 A.L.R. 495 (1942). See also Dooley, Modern Tort Law § 42.07 n. 3 (1977). Florida codified this protection of a shopkeeper's right to protect his property in 1955. Ch. 29668, Laws of Fla. (1955). The title to this statute, a direct precursor to the current one, makes clear the legislature's concern for the merchants' exposure to civil liability:
AN ACT relating to larceny of goods held for sale; providing that detaining a person under suspicion by a peace officer, merchant, or merchant's employee, shall not render merchants, merchant's employee, or peace officer criminally or civilly liable for false arrest, false imprisonment or unlawful detention; providing for arrest without a warrant by a peace officer upon probable cause, and exempting merchants or their employees from civil or criminal liability where probable cause exists to believe a person committed larceny of goods held for sale.

(Emphasis supplied.) Thus, the statute gave the shopkeeper no greater right than he previously enjoyed when he apprehended and reasonably detained an actual shoplifter; it merely protected him from the consequences of reasonable errors. Nor does the later addition of a criminal penalty for resisting reasonable efforts to recover merchandise cloak those reasonable efforts with state action. State action arises only with arrest and prosecution for that misdemeanor charge. If, as the court below held, the detention by the store employer be state action, then it would follow that the state would be liable in damages for any detention found to be unreasonable, a result surely not contemplated by the legislature in the passage of section 812.015(3).
Because we find no state action in the detention of the appellee, we hold that the right to silence protected by the fifth amendment and by Florida's own Declaration of Right was not violated.
Accordingly the decision of the district court is quashed and the decision of the First district in Williams is approved and the cause is remanded to the trial court for *100 reentry of the original conviction and sentence.
It is so ordered.
ADKINS, OVERTON, ALDERMAN and McDONALD, JJ., concur.
SHAW, J., concurs in result only.
BOYD, C.J., dissents with an opinion.
BOYD, Chief Justice, dissenting.
I dissent to the majority opinion and would approve the decision of the district court of appeal. In this case the state was allowed to present evidence to the jury that when respondent was detained and questioned by a store detective she exercised her Fifth Amendment right not to answer. To penalize an accused person for invoking the right to remain silent, by presenting testimony about her exercise of the right, is as much a violation of the constitution as is actual coercion of an answer through improper interrogation practices. See Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965).
I agree with the view stated in dissent by Judge Rawls in Williams v. State, 347 So.2d 472, 473 (Fla. 1st DCA 1977), cert. discharged, 376 So.2d 846 (Fla. 1979), and, as was indicated by my concurrence, by Justice Adkins in dissenting to the denial of certiorari in that case. 376 So.2d at 846-48. That view is that a merchant or merchant's employee or agent who takes a suspected thief into custody is exercising authority conferred by the sovereign and that a suspect's silence in the face of interrogation or an accusation made by such a private person should be excluded from evidence just as it is excluded when the interrogation or accusation comes from a law enforcement officer.
The majority opinion points out that the common law recognized the right of an owner of property to forcibly restrain and confine a person suspected of theft. Because this common law right antedated the statutory right of reasonable detention under section 812.015, Florida Statutes (1981), the majority concludes that a merchant who detains a suspected thief is not acting in pursuant of authority that comes from the state. This reasoning is erroneous; just because the statute did not add anything to the power previously enjoyed does not mean that the right does not come from the sovereign. Early common-law court decisions expressed the policy preferences of the king. Statutes today express the policies desired by the people. In neither case do the rights and obligations of private persons exist in a vacuum. Within constitutional limitations, such rights are always derived from political authority. Therefore I conclude that the right of a merchant to detain a suspected thief is a form of authority extended to the merchant by the state.
However, I do not believe that the question of whether the conduct of a merchant under the statute constitutes "state action" is the real issue in this case. The real issue is whether the state may present evidence to the jury showing that when confronted with an explicit or implicit accusation of criminal activity the accused person exercised his Fifth Amendment rights by not responding to the accusation. Thus one need not accept that a store detective or other private security officer is the functional equivalent of a police officer in order to reach the conclusion that testimony about the pre-trial silence of the accused must be excluded on Fifth Amendment grounds. It is readily conceded by the respondent that had she voluntarily made an incriminating statement to the store detective, that statement would be admissible even in the absence of Miranda warnings. See United States v. Antonelli, 434 F.2d 335 (2d Cir.1970). Thus she does not argue for a mechanical symmetry between the situation of custodial interrogation by a law enforcement officer and that of interrogation by a merchant or merchant's agent. Her argument is that admitting evidence of silence in response to interrogation penalizes the exercise of Fifth Amendment rights in either case.
*101 The fact that a private security officer who questions a suspect is not required by the courts to give Miranda warnings in order for the evidence obtained to be admissible certainly does not mean that a suspect does not have the right to remain silent in the face of such questioning. See Lee v. State, 422 So.2d 928 (Fla. 3d DCA 1982), review denied, 431 So.2d 989 (Fla. 1983). If a store security agent uses actual coercion to obtain a confession, that confession will unquestionably be suppressed. Peak v. State, 342 So.2d 98 (Fla. 3d DCA 1977). Thus while Miranda warnings are only required in connection with custodial interrogation by police, the Miranda principle against penalizing the right to remain silent should apply regardless of the setting in which the right is invoked.
In the present case the state was allowed to present testimony that when the accused was detained on suspicion of shoplifting and asked to explain her actions, she gave no answer. The accused could not be required to give any response to questioning, either initially when questioned by the merchant's security officer, nor later upon arrest by a law enforcement officer, nor still later in court. The state action that violated the Fifth Amendment was the presentation of evidence of the defendant's initial silence. By the threat of using such damaging testimony, the state can gain leverage with which to coerce the accused into taking the stand at trial. And, as Griffin v. California teaches, "[i]t is not every one who can safely venture on the witness stand though entirely innocent of the charge against him. Excessive timidity, nervousness when facing others and attempting to explain transactions of a suspicious character, and offenses charged against him, will often confuse and embarrass him to such a degree as to increase rather than remove prejudices against him. It is not every one, however honest, who would, therefore, willingly be placed on the witness stand." 380 U.S. at 613, 85 S.Ct. at 1232 (quoting Wilson v. United States, 149 U.S. 60, 66, 13 S.Ct. 765, 766, 37 L.Ed. 650 (1893)). By thus penalizing the exercise of the right to remain silent, testimony about the accused's initial silence in the face of accusation "cuts down on the privilege by making its assertion costly." Griffin v. California, 380 U.S. at 614, 85 S.Ct. at 1232. Testimony about or comment upon the fact that the accused has not responded to the accusation at trial or at any time before the trial violates the fundamental principle that our criminal justice process is accusatorial rather than inquisitorial.
Although the evidence of guilt in this case appears to have been so clear that application of the harmless error doctrine would seem to be appropriate, this Court has clearly stated: "Reversible error occurs in a jury trial when a prosecutor improperly comments upon or elicits an improper comment from a witness concerning the defendant's exercise of his right to remain silent." Clark v. State, 363 So.2d 331, 334 (Fla. 1978).
Therefore I conclude that there was reversible error and would approve the decision of the district court of appeal reversing and remanding for a new trial.