PER CURIAM.
The State of Florida appeals an order suppressing the confession of James Michael Curley. Curley was charged with grand theft by a food service employee of the Polynesian Resort at Walt Disney World (WDW) in violation of section .509.162(4), Florida Statutes (1995). The confession was obtained during an interview of Curley by WDW security officers. The trial court’s reason for suppressing the confession was the WDW security officers’ failure to advise Curley of his Miranda rights. Additionally, the trial court found that a law enforcement officer had not been summoned after Curley was detained as required by section 509.162(1), Florida Statutes (1995). The statute provides:
(1) Any law enforcement officer or operator of a public lodging establishment or public food service establishment who has probable cause to believe that theft of personal property belonging to such establishment has been committed by a person and that the officer or operator can recover such property or the reasonable value thereof by taking the person into custody may, for the purpose of attempting to affect such recovery or for prosecution, take such person into custody on the premises and detain such person in a reasonable manner and for a reasonable period of time. If the operator takes the person into custody, a law enforcement officer shall be called to the scene immediately....
Managers at the restaurant where Curley worked became suspicious when they discovered discrepancies existing between the number of guests that were served by him and the number he would record in the registers. The observations and records were turned over to WDW security operations and an investigation began.
The only evidence presented at the hearing on the motion to suppress came from two witnesses. One was a WDW security officer and the other was a WDW employee who represented Curley at the interview in his capacity as a union shop steward.
According to the security officer who testified, Curley was summoned to his resort manager’s office and met with that resort’s security officer. Curley then voluntarily accompanied the security officer in her vehicle on a five minute drive to the WDW security complex where he was interviewed in an office setting. Present was the security officer who accompanied him from the resort, two other WDW security personnel and the union representative. Curley had requested that the union representative be present during the interview. The interview began at 11 a.m. and terminated at 1:40 p.m., when a deputy sheriff was summoned after Curley confessed to the theft.
Curley’s union shop steward was present during the entire interview at the security office. He was present to make sure that Curley was not abused, that Curley understood the terms of the union contract, and that both WDW personnel and the employee cooperated with each other. The shop steward advised Curley that he was free to leave the interview at any time. The steward also commented that Curley’s written statement, given by him at the conclusion of the interview, was given “on his own free will.” No other evidence was presented.
The state argues, and we agree, that there was no Miranda violation in this case because there was no state action involved in the interrogation conducted by the employer’s security officers. Miranda v. Arizona, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966) (“by custodial interrogation we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way”); State v. Jones, 461 So.2d 97 (Fla.1984) (shoplifting statute did not raise detention of defendant by store employee to level of state action for purposes of invoking protection of the Fifth Amendment). Neither the fact that the Orange County Sheriffs Office maintained an office in the same building as the employer’s security complex, nor the fact that there was testimony that the Orange County Sheriff’s Office was aware that the employer regularly conducted inter *620 views such as the one in question, caused the interrogation to rise to the level of state action.
On the second issue, the state argues that the statute was not violated because the police were called immediately after Curley confessed and the statute does not per se prohibit employers from conducting internal investigations regarding alleged wrongdoing by its employees.
We partially agree. The statute was not violated because it does not apply to the incident in question. No evidence was presented that Curley was ever detained or otherwise placed into custody during the interview. On the contrary, the shop steward advised Curley that he was free to leave the interview, “just get up and leave.”
The order suppressing the statements is vacated and the matter remanded for further proceedings.
ORDER VACATED; REMANDED.
PETERSON, C.J., and GOSHORN and HARRIS, JJ., concur.