UNITED STATES of America,
Plaintiff–Appellee,

v.

Steven T. BLEDSOE, Defendant–
Appellant.

No. 02–3964.

United States Court of Appeals,
Seventh Circuit.

Argued May 23, 2003.

Decided June 26, 2003.

Before EASTERBROOK, RIPPLE, and WILLIAMS, Circuit Judges.

### ORDER

Steven Bledsoe was convicted by a jury of conspiring to possess and distribute cocaine and conspiring to launder money. He appeals, arguing that the evidence was insufficient to convict him of the crime of conspiracy to distribute cocaine, and that the district court erred in admitting business records offered pursuant to the self-authentication provision in Federal Rules of Evidence 902(11) because he was not given adequate notice and opportunity to review the records and certifying affidavits. We find that the evidence was sufficient to support Bledsoe's drug conspiracy conviction and that the district court did not err in admitting the business records. We therefore affirm Bledsoe's conviction.

### I. BACKGROUND

Steven Bledsoe and James Rounds were grammar school classmates who reunited in 1996 and agreed to distribute cocaine together. Under their arrangement, Bledsoe would acquire the drugs from his source, give the drugs to Rounds to dis-tribute to his customers or subdistributors, and Bledsoe and Rounds would split the profits equally. In the process, Rounds enlisted several individuals, including David Merritt, Frank Duffy, and Charity Melton, to distribute the drugs to individual purchasers. To further their arrangement, Bledsoe opened private mailboxes under the names of several fictitious businesses in order to receive cash from Rounds (or from Merritt, Duffy, and Melton directly). Bledsoe would use the money to purchase the cocaine, which he would then deliver to Rounds or one of the others in California or ship to them in Indiana. Bledsoe typically shipped the cocaine to Rounds or the others at private mailboxes that they had opened under fictitious company names, otherwise he would send the drugs to them under fictitious personal names at various private residences. Bledsoe and Rounds frequently used Western Union money orders to send each other their half of the profits that flowed from Bledsoe's purchase and/or Rounds's subsequent sale of the cocaine. When Rounds and his customers traveled to California to transact business with Bledsoe, they would sometimes meet as a group at Bledsoe's apartment, and Rounds was given a key to the apartment and permission by Bledsoe to use it "to take care of business."

During trial, the government introduced certified business records relating to the distribution scheme, including hotel records, phone records, shipment records, mailbox rental agreements, and apartment rental information. The government had provided this material to Bledsoe during discovery. Bledsoe objected to the introduction of these records at trial because he believed them to be hearsay and because he had received only four-days notice that the records would be introduced with certifying affidavits pursuant to Federal Rules of Evidence 803(6) and 902(11). The dis-

trict court found that Bledsoe had waived his objection to these records by failing to object prior to trial, when a continuance could have been granted, and further found the argument lacking merit because the documents had sufficient guarantees of trustworthiness. Also during trial, Bledsoe testified that while he had supplied cocaine to Rounds, he was unaware that there was a distribution ring and asserted that he only had a buyer-seller relationship with Rounds. On this basis he moved for judgment of acquittal on the drug conspiracy count at the close of evidence. After the jury returned guilty verdicts on both counts, the district court denied his motion.

## II. ANALYSIS

### A. Sufficiency of the Evidence

■ Bledsoe contends that the evidence was insufficient to convict him for conspiracy to distribute cocaine because it shows, at most, only that he was involved in a buyer-seller relationship. On appeal, we review the evidence in the light most favorable to the prosecution and will reverse a jury verdict only when the record "is devoid of any evidence, regardless of how it is weighed, from which a jury could find the defendant[ ] guilty beyond a reasonable doubt." *United States v. Hernandez,* 330 F.3d 964 (7th Cir.2003) (citing *United States v. Johnson,* 26 F.3d 669, 684 (7th Cir.1994)). Because of this standard of review, while a sufficiency-of-the evidence claim is not untenable on appeal, it nevertheless is a steep hill to climb. *Id.* (citing *United States v. Frazier,* 213 F.3d 409, 416 (7th Cir.2000).

Bledsoe was convicted of conspiracy to possess with the intent to distribute and conspiracy to distribute in excess of five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. "To prove a conspiracy to possess and distribute cocaine, the government must prove that two or more people agreed to commit the unlawful act and that the particular defendant knowingly and intentionally joined in the agreement. No overt act need be charged or proven, and guilt may be inferred by the circumstances and the conduct of the parties." *United States v. Dumes,* 313 F.3d 372, 382 (7th Cir.2002) (citations omitted). "Factors that may be considered, particularly in the area of drug conspiracies, include: the length of affiliation between the parties; the existence of an established method of payment; the extent to which transactions between the parties are standardized; and the demonstrated level of mutual trust between the alleged participants." *United States v. Nubuor,* 274 F.3d 435, 440 (7th Cir.2001) (citing *United States v. Contreras,* 249 F.3d 595, 599 (7th Cir.2001)). While one circumstantial factor will not be dispositive, "[i]f enough point in the direction of a concrete, interlocked interest beyond the consummation of the individual buy-sell deals themselves, we will not disturb the conclusion reached by the finder of fact that at some point the association blossomed into a cooperative venture." *Id.*

In this case, there was ample evidence to establish that Bledsoe's interactions with Rounds and the others rose to the level of a conspiracy. The most damaging evidence against Bledsoe was his agreement with Rounds to equally split the profits that would flow from Rounds's sale of the drugs subsequent to purchasing them from Bledsoe. *Cf. United States v. Thomas,* 284 F.3d 746, 753 (7th Cir.2002) (finding insufficient evidence because Thomas's "profit did not depend on the [purchasers'] subsequent success in distributing the cocaine to their customers"). Other evidence that supports the jury's conclusion includes Bledsoe's ongoing relationship with Rounds for a period of years and the increase in the quantity of cocaine obtained over that period of time. *See, e.g., United States v. Sanchez,* 251 F.3d 598, 602 (7th

Cir.2001). In addition, Bledsoe had an established method of exchanging payment and proceeds with Rounds and Rounds's customers directly (they used Western Union and other methods of wiring funds), as well as an established mode of distribution using various fictitious entities and addresses. Furthermore, Bledsoe and Rounds had a relationship of trust such that Bledsoe gave Rounds a key to his apartment and permitted Rounds to "take care of business" from his residence. Taken together, this evidence of cooperation and mutual benefit sufficiently indicates the existence of a conspiracy, and we will not overturn the jury's verdict to that effect.

B. Admission of the Certified Business Records

 Federal Rule of Evidence 803(6) provides that business records may be introduced "without foundation testimony from the record custodian so long as the records are authenticated according to Fed.R.Evid. 902(11)." *United States v. Klinzing,* 315 F.3d 803, 805 (7th Cir.2003). Under Rule 902(11), "a party may authenticate a business record through a written declaration by a qualified custodian that the record meets the necessary foundational requirements," *id.,* but the party intending to offer the record must "provide written notice of that intention to all adverse parties, and ... make the record and declaration available for inspection sufficiently in advance of their offer into evidence to provide an adverse party with a fair opportunity to challenge them." Fed.R.Evid. 902(11). Bledsoe contends that the district court abused its discretion

in admitting business records because he was not given sufficient advance notice and opportunity to review the records and certifying affidavits, as required in 902(11). The district court found that Bledsoe waived his right to object on this ground by failing to present that argument before trial and also found that the documents were reliable. We agree. Assuming, however, that there was no waiver, Bledsoe has not shown how he was prejudiced by the government's notice. *See, e.g., United States v. Newell,* 239 F.3d 917, 921 (7th Cir.2001), *Sellers v. Henman,* 41 F.3d 1100, 1101–02 (7th Cir.1994).

Bledsoe argues that he was prejudiced because the business records were damaging to his case on the merits. That may be true, but it misunderstands the prejudice that he is required to show. The purpose of giving notice and an opportunity to review, under Rule 902(11), is for the adverse party to have the opportunity to verify, and challenge if necessary, the accuracy and reliability of the records and/or certifying affidavits. Therefore, the prejudice associated with the lack of notice that Bledsoe must show is his inability to adequately review and/or challenge the documents on either of these bases due to insufficient time. Bledsoe did not make that argument before the district court,[1] and he concedes on appeal, after having months to review both sets of documents, that they are neither defective nor otherwise unreliable.[2] We therefore find no error in the district court's evidentiary ruling admitting the business records.

 We further believe that Bledsoe received adequate notice. The government informed him four days before trial that it

---

1. When the district court asked Bledsoe's counsel why he didn't make an objection before trial when a continuance could have been granted, he stated that he didn't want a continuance, he just wanted the records excluded from evidence.

2. "[T]he benchmark question in ... every situation involving the admission of documentary evidence: do the documents bear the indicia of reliability?" *United States v. Strickland,* 935 F.2d 822, 831 (7th Cir.1991).

intended to introduce the business records, which Bledsoe admits he received during discovery over one year before trial, with certifying affidavits as authorized by Rules 803(6) and 902(11). And Bledsoe's counsel reviewed the records and certifying affidavits three days before trial. Under the circumstances, this was sufficient time to determine whether an objection needed to be made or more time was needed for an adequate review.

### III. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.