869 So.2d 28 (2004)
Kenneth BRADFORD, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-3229.
District Court of Appeal of Florida, Second District.
February 27, 2004.
*29 NORTHCUTT, Judge.
Kenneth Bradford appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. According to Bradford, he pleaded guilty to multiple counts of robbery in 1993. In his motion, Bradford sought to withdraw his plea based on newly discovered evidence. He attached an affidavit from Kendrick Cunningham. Cunningham claimed that Adrian Evans, the man who implicated Bradford in one of the robberies, admitted to Cunningham that he had an agreement with the police to implicate Bradford but that Bradford did not commit the robbery.
The circuit court applied the newly discovered evidence standard set forth in Jones v. State, 591 So.2d 911 (Fla.1991), in denying Bradford's motion. In this case, the Jones standard is virtually impossible to apply because there was no trial and no evidence introduced. Any determinations as to the nature and admissibility of the evidence would be speculative. We believe that the circuit court should have applied the more appropriate standard for withdrawal of pleas after sentencing, which requires the defendant to prove that withdrawal of his plea is necessary to correct a manifest injustice. See Miller v. State, 814 So.2d 1131 (Fla. 5th DCA 2002); Scott v. State, 629 So.2d 888 (Fla. 4th DCA 1993).
In applying the more appropriate standard for withdrawal of pleas after sentencing, we conclude that the circuit court properly denied Bradford's claim. Bradford's claim is facially insufficient because he did not allege that withdrawal of his plea is necessary to correct a manifest injustice. See Williams v. State, 316 So.2d 267 (Fla.1975); Miller, 814 So.2d at 1132; Scott, 629 So.2d at 890. Therefore, we affirm the circuit court's order of denial without prejudice to Bradford's right to file a timely, facially sufficient motion to withdraw plea based on the newly discovered evidence.
Affirmed.
FULMER and SILBERMAN, JJ., concur.