932 So.2d 293 (2005)
Glen E. SNELL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-2042.
District Court of Appeal of Florida, Second District.
November 30, 2005.
VILLANTI, Judge.
Glen E. Snell appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Because the facially sufficient motion was not conclusively refuted by the record attachments, we reverse.
Snell's claim that his trial counsel provided ineffective assistance of counsel by failing to file a motion to suppress is facially sufficient. See Spencer v. State, 889 So.2d 868, 870 (Fla. 2d DCA 2004); Flowers v. State, 793 So.2d 36, 36 (Fla. 2d DCA 2001). Citing State v. Jones, 461 So.2d 97 (Fla.1984), and State v. Curley, 691 So.2d 618 (Fla. 5th DCA 1997), the postconviction court summarily denied the motion on the ground that government actors did not take the items that Snell claims were wrongfully seized. However, those cases, dealing with whether Miranda[1] rights must be given by private security officers, are inapplicable to the factual situation presented by Snell.
Snell asserts that the security officers involved in his case used excessive force in coercing him to empty his pockets, in violation of section 812.015(3)(a), Florida Statutes (2004). Section 812.015(3)(a) provides, in pertinent part:
A law enforcement officer, a merchant,... who has probable cause to believe that a retail theft ... has been committed by a person and ... that the property can be recovered by taking the offender into custody may, for the purpose of attempting to effect such recovery or for prosecution, take the offender into custody and detain the offender in a reasonable manner for a reasonable length of time.
(Emphasis added.). Snell contests not the retailer's authority to detain him but, rather, that the detention did not comply with *294 the statutory requirements of probable cause and was not performed in a reasonable manner. Because Snell's claim is grounded upon a statutory right that applies to private security officers acting on behalf of their merchant employer, the lack of government actors cannot serve as a basis for the summary denial. Thus, the wrong that Snell claims occurred in his case could have been raised in a motion to suppress.
Despite Snell raising a facially sufficient claim, the postconviction court failed to attach portions of the record to conclusively refute Snell's claim. Accordingly, we reverse the summary denial and remand for the postconviction court either to conduct an evidentiary hearing or to attach those portions of the record that conclusively refute Snell's claim.
Reversed and remanded.
STRINGER and LaROSE, JJ., Concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).