WARNER, J.
We affirm the trial court’s order denying appellant Paul Weidner’s motion for postconviction relief. Weidner raises two issues, one involving prosecutorial misconduct and the other involving newly discovered evidence. The first is time-barred. As to the second, because Weidner pled to the charge, the newly discovered evidence must be such that a manifest injustice occurred. We do not find that the evidence rises to that standard.
The trial court concluded that Weidner’s contention that he was coerced into the mid-trial plea by prosecutorial misconduct during the preparation of trial witnesses was time-barred, as it was filed more than two years after defendant’s judgment and sentence became final. As it is apparent that the appellant knew of the facts giving rise to his claim at the time of his plea, we agree with the trial court that it is time-barred.
Weidner’s second contention is that he would not have pled to the crime had newly discovered evidence in the form of impeachment of the victim’s testimony been available at trial. Because there was not a complete trial, the proper standard to apply in reviewing this claim is the standard for withdrawal of a plea after sentencing, which requires the defendant to show that withdrawal of the plea is necessary to correct a manifest injustice. Bradford v. State, 869 So.2d 28, 29 (Fla. 2d DCA 2004). Not only did Weidner fail to allege that withdrawal is necessary to correct a manifest injustice, but the evidence does not indicate that such a result occurred.
The victim testified at trial prior to Weidner deciding to accept a plea. The victim said that he was held down by Weidner’s co-defendant while Weidner beat him with a stick, splitting his head open. After trial, the victim told another individual that he hit Weidner first, knocking him down. Weidner then got up and hit the victim with a piece of wood. Weid-ner maintains that he would not have pled if the impeaching statement had been available at trial, as he would have had a viable self-defense claim.
On these facts, we conclude that no manifest injustice occurred. First, Weidner would have known at the time of trial that the victim’s testimony that Weidner struck the first blow was false, if it was indeed false. Weidner himself could have testified to his claim of self-defense had he so desired. Thus, he knew he was pleading no contest based upon “perjured testimony,” as he now describes it. Second, a jury could have concluded that even if the victim hit Weidner first, his violent response far exceeded any self-defense claim he may have had. The victim’s subsequent statement did not negate his testimony that Weidner hit him with a board. Thus, there is no compelling reason to grant postconviction relief from appellant’s plea, conviction, and sentence.
Affirmed.
STEVENSON, C.J., and GROSS, J., concur.