985 So.2d 1234 (2008)
Danny K. DECK, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-4299.
District Court of Appeal of Florida, Second District.
July 18, 2008.
*1236 VILLANTI, Judge.
Danny K. Deck appeals the summary denial of his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850, in which he raised thirteen grounds for relief. We affirm the postconviction court's summary denial of grounds four, five, six, eight, twelve, and thirteen without comment. We also affirm the denial of ground ten but write to explain our reasoning. As to grounds one, two, three, seven, and eleven, we reverse and remand for further proceedings. This resolution renders ground nine of Deck's motion, in which he alleged cumulative error, moot. See Marshall v. State, 854 So.2d 1235, 1252 (Fla.2003).

Ground One
In ground one of his motion, Deck alleged that he was entitled to withdraw his plea because his trial counsel affirmatively misadvised him concerning a collateral consequence of his guilty plea. Specifically, Deck alleged that he had asked his trial counsel whether he would be subject to the provisions of the Florida Career Offender Registration Act, § 775.261, Fla. Stat. (2004), if he chose to accept the State's plea offer. Deck alleged that trial counsel informed him that he would not be subject to the provisions of that Act. Based on this advice, which turned out to be incorrect, Deck accepted the State's plea offer. Deck alleged that he would not have accepted the State's offer but for trial counsel's affirmative misadvice concerning the applicability of the Act. The postconviction court summarily denied this claim on the ground that trial counsel "is not responsible for warning the Defendant of indirect or collateral consequences stemming from the Defendant entering his plea that the court has no control over."
Although the postconviction court was correct that trial counsel has no obligation to advise a defendant about the collateral consequences of a guilty plea, see, e.g., State v. Partlow, 840 So.2d 1040, 1042 (Fla.2003), this finding does not address Deck's actual claim, which was that trial counsel affirmatively misadvised him of the collateral consequences of his plea. This court has held that "[a]ffirmative misadvice about even a collateral consequence of a plea constitutes ineffective assistance of counsel." Roberti v. State, 782 So.2d 919, 920 (Fla. 2d DCA 2001). Thus, while counsel has no obligation to be proactive by voluntarily advising a defendant about the collateral consequences of a guilty plea, if counsel chooses to offer such advice, then the advice given must be accurate.
Here, Deck's motion alleges that counsel affirmatively misadvised him concerning a collateral consequence of his guilty plea and that he would not have entered the plea but for counsel's misadvice. Because these unrefuted allegations present a facially sufficient claim for relief, the postconviction court erred by summarily denying relief on this ground. Therefore, we reverse the summary denial of this ground and remand for the postconviction court to consider this claim on its merits.

Ground Two
In ground two of his motion, Deck alleged that he had obtained newly discovered evidence consisting of alleged admissions by his codefendant. The source of this newly discovered evidence was another inmate who described a conversation he had with Deck's codefendant. Allegedly, the codefendant admitted to this inmate that he lied to the police about Deck's involvement in a carjacking in order to *1237 secure a lighter sentence for himself and to get revenge on Deck. The codefendant also allegedly told the inmate that Deck had no knowledge that there would be a carjacking and, furthermore, that Deck had tried to stop it. The postconviction court denied relief on this ground, finding that the codefendant's alleged statements were inadmissible hearsay and thus did not constitute newly discovered evidence that would probably produce an acquittal on remand. See Mills v. State, 786 So.2d 547, 549 (Fla.2001) (holding that to obtain relief on a claim of newly discovered evidence, the defendant must establish that the evidence is of such a character that it would probably produce an acquittal on retrial); Sims v. State, 754 So.2d 657, 660 (Fla.2000) (noting that no relief is warranted on a claim of newly discovered evidence if the evidence would not be admissible at trial).
However, the postconviction court applied the incorrect legal standard in analyzing this claim. In Bradford v. State, 869 So.2d 28, 29 (Fla. 2d DCA 2004), this court held that the proper standard to be applied when evaluating claims of newly discovered evidence in cases involving guilty pleas entered before trial is the "standard for withdrawal of pleas after sentencing, which requires the defendant to prove that withdrawal of his plea is necessary to correct a manifest injustice." In that case, this court determined that the postconviction court had applied the incorrect standard in analyzing Bradford's claim. Id. However, this court also determined that Bradford's motion was facially insufficient under the correct standard because he did not allege that withdrawal of his plea was necessary to correct a manifest injustice. Id. Thus, this court affirmed the denial of his claim without prejudice to his right to file a timely, facially sufficient motion to withdraw his plea based on the newly discovered evidence. Id.
Here, as in Bradford, the postconviction court analyzed Deck's claim using the incorrect standard. However, unlike in Bradford, Deck in this case has stated a facially sufficient claim. Deck specifically alleged in his motion that he would not have pleaded guilty but would have proceeded to trial if the allegedly newly discovered evidence had been known to him at the time of his plea. Deck also specifically alleged that his involuntary plea constituted a manifest injustice. Furthermore, by asking that his convictions and sentences be vacated and that his case be remanded for trial, Deck has essentially moved for withdrawal of his plea in order to correct a manifest injustice. Thus, Deck's claim is facially sufficient under the correct standard, and the record attachments to the postconviction court's order do not conclusively refute his claim. Therefore, we reverse the postconviction court's summary denial of this claim and remand for a consideration of the merits of the claim using the proper standard.

Ground Three
Next, in ground three of his motion, Deck alleged that his guilty plea was involuntary because trial counsel misadvised him concerning his ability to move to suppress his confession. Deck alleged that he asked trial counsel to move to suppress his post-Miranda[1] confession because he was intoxicated when he waived his Miranda rights. Deck further alleged that trial counsel told him that his intoxication had no bearing on the voluntariness of the waiver of his Miranda rights. Deck alleged that based on this misadvice, he accepted the State's plea offer and entered a guilty plea without filing a motion to *1238 suppress. Deck further alleged that he would not have entered this guilty plea but for counsel's misadvice.
The postconviction court summarily denied this ground on the basis that Deck did not allege that a motion to suppress predicated on the allegedly involuntary waiver of his Miranda rights would have been granted. However, under existing case law, Deck was not required to allege that his motion to suppress would have been granted in order to state a facially sufficient claim of ineffective assistance. See, e.g., Snell v. State, 932 So.2d 293, 293 (Fla. 2d DCA 2005); Spencer v. State, 889 So.2d 868, 870 (Fla. 2d DCA 2004). Instead, "to show prejudice in a plea bargain case, [the defendant] must show only that without the misadvice of counsel, there was a reasonable probability he would not have pleaded guilty and would have chosen to go to trial." Brown v. State, 967 So.2d 440, 443 (Fla. 4th DCA 2007); see also Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (holding that in order to satisfy the "prejudice" requirement of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in a case involving a plea, the defendant must allege and prove only that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial").
Here, Deck's motion alleges that had counsel not misinformed him about the possibility of filing a motion to suppress, he would not have accepted the State's plea offer and would have insisted on going to trial. Because these unrefuted allegations present a facially sufficient claim for relief, the postconviction court erred by summarily denying relief on this ground. Accordingly, we reverse the postconviction court's denial of this claim and remand for consideration of this claim on its merits.

Ground Seven
In ground seven of his motion, Deck alleged "patent misadvice" by counsel with regard to the credibility and impeachability of his codefendant. The postconviction court summarily denied this claim after finding Deck failed to allege any prejudice or factual support for his claim. In denying the claim, however, the postconviction court did not have the benefit of Spera v. State, 971 So.2d 754, 755 (Fla.2007), which held that "in dismissing a first postconviction motion based on a pleading deficiency, a court abuses its discretion in failing to allow the defendant at least one opportunity to correct the deficiency unless it cannot be corrected." Nothing in the limited record before this court demonstrates that Deck could not allege sufficient facts or prejudice in connection with this claim if given the opportunity to amend his motion. Accordingly, we reverse the summary denial of this ground and remand for the postconviction court to strike this claim and allow Deck thirty days to amend it.

Ground Ten
Next, in ground ten of his motion, Deck alleged that counsel was ineffective for failing to object when the State failed to provide notice of its intent to rely on a business record from the Department of Corrections (DOC) to support enhanced sentencing penalties as a prison releasee reoffender (PRR) and habitual felony offender (HFO). In denying the claim, the postconviction court found that the State had provided notice to Deck of its intent to have him sentenced as a PRR; however, the postconviction court did not address Deck's specific claim that the State failed to give notice of its intent to rely on business records and that counsel was ineffective for failing to object to this omission.
*1239 Section 90.803(6)(c), Florida Statutes (2004), requires a party intending to offer a business record into evidence by means of a certification or declaration to serve written notice of its intent on every party and to make the evidence available for inspection sufficiently in advance of its use so that the opposing party has a fair opportunity to challenge its admissibility. It is undisputed that the State provided no such written notice of its intent to rely on the DOC's release-date letter at sentencing, nor is there any record evidence of an opportunity for Deck's counsel to inspect the letter sufficiently in advance of its use at sentencing to allow for a proper challenge to its admissibility.
However, Deck has failed to sufficiently allege any prejudice from trial counsel's omission in this case. The purpose of section 90.803(6)(c) is to protect a party's due process right to have notice of the evidence against him or her. See United States v. Bledsoe, 70 Fed.Appx. 370, 373 (7th Cir.2003) (noting that the purpose of the federal counterpart to section 90.803(6)(c) is to provide the opposing party with notice of the evidence against him and an opportunity to challenge the accuracy and reliability of those records). It does not function as an exclusionary rule that would prohibit the use of such evidence in the absence of a due process violation. Cf. United States v. Newell, 239 F.3d 917, 921 (7th Cir.2001) (holding that the failure to provide the notice required by the federal counterpart to section 90.803(6)(c) does not require exclusion of the evidence in the absence of prejudice). Here, Deck has not alleged how his due process rights were affected by trial counsel's failure to object. Accordingly, we affirm the denial of this claim without prejudice to any right Deck may have to amend his motion on this ground. See Spera, 971 So.2d at 755.

Ground Eleven
Finally, in ground eleven of his motion, Deck alleged that trial counsel was ineffective when he failed to object to the State's use of a release-date letter from DOC as evidence of Deck's release date for purposes of sentencing Deck as an HFO and PRR. Deck alleged that counsel should have objected to the use of this letter because it constituted inadmissible hearsay. In denying this claim, the postconviction court found that the release-date letter constituted "a certified affidavit from the Department of Corrections establishing the Defendant's release date," and thus it was admissible under section 90.803(6).
When the postconviction court denied Deck's claim, it did not have the benefit of the supreme court's recent decision in Yisrael v. State, 33 Fla. L. Weekly S131, ___ So.2d ___, 2008 WL 450398 (Fla. Feb. 21, 2008). In Yisrael, the supreme court resolved a split among the District Courts of Appeal concerning whether a release-date letter, standing alone, constituted either a business record that could be properly admitted under section 90.803(6) or a public record that could be properly admitted under section 90.803(8). In finding that a release-date letter did not fall within the business records exception, the supreme court noted that these letters are not usually made at or near the time of the defendant's predicate-felony release date, that these letters are not kept in the course of the regularly conducted activity of the DOC, and that these letters are not made as a regular practice in the ordinary course of the DOC's business, but rather are made solely at the request of prosecutors for purposes of prosecution. Id. at S132-S133, at ___-___. Further, the supreme court held that these letters do not fall within the public records exception because they do not record the activities of *1240 the DOC nor do they memorialize DOC activities. Id. at S133, at ___. Accordingly, the supreme court held that "release-date lettersstanding aloneconstitute inadmissible hearsay." Id. at S131, at ___. However, these letters may be used as a means of authenticating an attached "Crime and Time Report." Id. at S134, at ___.
In this case, it appears that the only document offered by the State to establish Deck's release date on his predicate felony was the release-date letter. The State did not offer a Crime and Time Report or any other document to establish that Deck's release date qualified him for sentencing as an HFO or a PRR. Although Deck's sentencing predated the supreme court's decision in Yisrael, the requirements of the business record exception and the public records exception have been unchanged since long before Deck's sentencing. Accordingly, the postconviction court's findings that the release-date letter was admissible as a business record and that trial counsel "had no reason to object" to its admission were both incorrect. Therefore, we reverse the summary denial of Deck's motion on this ground and remand for the postconviction court to reevaluate this claim in light of Yisrael.

Conclusion
For the foregoing reasons, we reverse the postconviction court's summary denial of claims one, two, three, and eleven and remand for further proceedings. We also direct the postconviction court to provide Deck with an opportunity to amend his motion as to grounds seven and ten. If, after considering these claims and amended claims on remand, the postconviction court determines that no hearing is needed, it must attach to its order those portions of the record that conclusively show that Deck is not entitled to relief.
Affirmed in part, reversed in part, and remanded for further proceedings.
WHATLEY and CANADY, JJ., Concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).