FULMER, Judge.
 

 Terry J. Sayles, Sr., appeals his judgments and sentences for various criminal offenses, specifically challenging the denial of his motion to withdraw plea after sentencing filed pursuant to Florida Rule of Criminal Procedure 3.110(1). We reverse and remand for an evidentiary hearing.
 

 Sayles entered a no contest plea to several charges in exchange for a sentence of thirty-six months’ probation with the condition that he serve eight months in jail. Because two of the offenses were driving under the influence of alcohol, the revocation of his driver’s license was an issue.
 
 See
 
 § 322.28, Fla. Stat. (2007). The plea form signed by Sayles states that his sentences would “consist of ... [a] 10 year DL revocation.” At the plea and sentencing hearing, the trial court addressed the issue of the revocation of Sayles’ driver’s license by the Department of Motor Vehicles (DMV):
 

 DMV is
 
 going to do
 
 what it wants to do, and ... they will do administratively with the driver’s license what they do regardless of what I say, sir. So, I assume it will be 10-years revocation by DMV, not 20, but I can’t make you any promises about what DMV will do. They’re going to get this as two convictions, so I don’t even want to begin to tell you or make you promises or assurances on your plea today with respect to your driver’s license. I’m not going to do anything other than say it’s a 10-year DL revocation.
 

 At other times throughout the hearing, the prosecutor, the court, and defense counsel made references to a ten-year driver’s license revocation.
 

 After sentencing, Sayles filed — through his defense counsel — a timely rule 3.170(i) motion, alleging that he was
 

 advised [by counsel] that since he was resolving both DUI’s on the same day, that he would not have a lifetime revocation of his driver[’]s license.... Based on the information that his driver[’]s license would be revoked for 10 years and at the most 20 years, [he] pled to the charges.
 

 The motion further alleged that subsequent to Sayles’ plea, he “received an order of permanent license revocation” from the DMV. He claimed that his “plea was involuntary because he was advised his license would not be permanently revoked.”
 

 After defense counsel filed the motion, she moved to withdraw based on conflict, and new counsel was appointed for the hearing on the motion to withdraw plea. At the hearing on the motion, at which no evidence was presented, Sayles’ new counsel argued that Sayles’ plea was entered with the understanding that his driver’s license would not be permanently revoked. The trial court orally denied the motion without any explanation. The tidal court’s written order of denial states only that Sayles’ “plea was freely and voluntarily entered.”
 

 On appeal, Sayles argues that in considering the motion to withdraw plea, the trial court incorrectly assumed that the revocation of his driver’s license is a collat
 
 *1271
 
 eral consequence of his plea. Sayles contends that it is a direct consequence of his plea and that he therefore had a right to receive accurate advice about it. He also alleges that there is nothing in the record to refute the allegation made in his motion that he was misadvised by his attorney. Sayles asserts that the trial court should have held an evidentiary hearing on his motion.
 

 The State responds that although all parties were operating under the mistaken assumption that Sayles would only be subject to a temporary license revocation, the record shows that the trial court specifically stated that it could not make any promises regarding what the DMV would do. The State recognizes that affirmative mis-advice about collateral matters may justify withdrawal of a plea but argues that Sayles had no right to rely on any misad-vice from counsel in light of the trial court’s advice at the plea hearing.
 

 Revocation of a driver’s license is a collateral consequence of a plea, and therefore, neither defense counsel nor the trial court is required to inform a defendant about such a consequence before the defendant enters his or her plea.
 
 See Bolware v. State,
 
 995 So.2d 268, 275 (Fla.2008). However, “[ajffirmative misadvice about even a collateral consequence of a plea constitutes ineffective assistance of counsel and provides a basis on which to withdraw the plea.”
 
 Roberti v. State,
 
 782 So.2d 919, 920 (Fla. 2d DCA 2001);
 
 see also Deck v. State,
 
 985 So.2d 1234, 1236 (Fla. 2d DCA 2008) (“[Wjhile counsel has no obligation to be proactive by voluntarily advising a defendant about the collateral consequences of a guilty plea, if counsel chooses to offer such advice, then the advice given must be accurate.”).
 

 The record of the plea hearing does not refute Sayles’ claim that his plea was involuntary because he relied on his counsel’s misadvice that his license would not be permanently revoked. First, Sayles’ plea form indicates that his sentences “would consist of ... [a] 10 year DL revocation.” Second, the transcript of the plea and sentencing hearing shows that neither his defense counsel nor the trial court informed him that his license could be permanently revoked. The trial court discussed the probability of the DMV temporarily revoking Sayles’ license for a term of ten or twenty years, but the trial court never informed Sayles that his driver’s license could be permanently revoked. Therefore, contrary to the State’s assertion, the trial court did not cure the alleged misadvice given to Sayles by his defense counsel.
 

 Accordingly, we reverse and remand for an evidentiary hearing on Sayles’ motion to withdraw plea.
 
 See Iaconetti v. State,
 
 869 So.2d 695, 699 (Fla. 2d DCA 2004).
 

 Reversed and remanded.
 

 WHATLEY, and DAVIS, JJ., Concur.