NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

BRYON L. REDDICK,                           )
                                            )
              Appellant,                    )
                                            )
v.                                          )     Case No. 2D14-2851
                                            )
STATE OF FLORIDA,                           )
                                            )
              Appellee.                     )
_____)

Opinion filed January 7, 2015.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Lee County; Bruce E. Kyle, Judge.

VILLANTI, Judge.

        Bryon L. Reddick entered a plea of no contest to battery on a detention

facility employee with fluids, and the trial court sentenced him to thirteen months'

imprisonment, with 105 days' credit, to be served concurrently with any active sentence.

Mr. Reddick did not appeal but filed a timely motion to vacate his sentence under

Florida Rule of Criminal Procedure 3.850.  We reverse the postconviction court's

summary denial of his motion.

        Mr. Reddick asserted two claims in his motion.  First, he argued that his

plea was involuntary because it was not entered with an understanding of the nature of

the charge or the consequences of the plea.[1]  Second, he contended that he was not advised that costs would be imposed or that he had a right to appeal the imposition of the costs.

The postconviction court found Mr. Reddick's claims conclusively refuted by the plea form it attached to its order.  Specifically, the court noted that the plea form stated that Mr. Reddick entered the plea voluntarily of his own free will and that he was waiving his right to appeal.  In addition, the plea form specifically listed the costs that would be imposed.

While Mr. Reddick's plea form conclusively refutes his claim concerning the imposition of costs, it does not refute his claim that his plea was involuntary.  See Johnson v. State, 60 So. 3d 1045, 1052 (Fla. 2011) (noting that voluntariness of a plea is a recognized ground for relief under rule 3.850(a)(5)); Robinson v. State, 373 So. 2d 898, 903 (Fla. 1979) ("[T]he failure of a defendant to raise the issue of the validity of the plea by an appeal does not prohibit him from subsequently seeking collateral relief if the issues have not been previously addressed and ruled upon.").  Therefore, the postconviction court should not have summarily denied this claim.

However, Mr. Reddick failed to allege facts in his motion demonstrating that withdrawal of his plea was necessary to correct a manifest injustice.  See LeDuc v. State, 415 So. 2d 721, 722 (Fla. 1982) (holding that the postconviction court should

---

[1]To the extent that Mr. Reddick claimed in his motion that the Department of Corrections continued to hold him when his sentence had expired, Mr. Reddick must first raise that issue in an administrative complaint filed with the Department.  See Grace v. State, 920 So. 2d 719, 719 (Fla. 4th DCA 2006).  We note that Mr. Reddick's sentence in this case was ordered to run concurrently with any term of imprisonment he was then serving.

evaluate an involuntary plea claim under <u>Robinson</u>, which held that a defendant must prove that a manifest injustice occurred in order to withdraw his plea after sentencing); <u>see also</u> <u>Bradford v. State</u>, 869 So. 2d 28, 29 (Fla. 2d DCA 2004) (holding that in seeking postconviction relief from convictions obtained through a plea, movant must allege and prove that withdrawal of his plea is necessary to correct a manifest injustice). Because of this pleading deficiency, Mr. Reddick's motion was facially insufficient as to this claim.

Accordingly, we reverse the postconviction court's order and remand with directions for the court to strike Mr. Reddick's motion and provide him an opportunity to amend his motion to state a facially sufficient claim if he can do so in good faith. <u>See</u> Fla. R. Crim. P. 3.850(f)(2); <u>Spera v. State</u>, 971 So. 2d 754, 762 (Fla. 2007). We caution Mr. Reddick that if he seeks to withdraw his plea, either the State or the defense may pursue new plea negotiations or refuse them and proceed to trial. If he is convicted after a trial, Mr. Reddick may be sentenced to a longer term of imprisonment than the sentence he presently serves.

Reversed and remanded with directions.


CASANUEVA and CRENSHAW, JJ., Concur.